**The PEOPLE of the State of Colorado, Complainant,**

v.

**Ronald C. SWAN, Attorney–Respondent.**

**No. 88SA252.**

Supreme Court of Colorado, En Banc.

Oct. 19, 1988.

Linda S. Donnelly, Disciplinary Prosecutor, Susan L. Fralick, Deputy Disciplinary Prosecutor, Denver, for complainant.

Ronald C. Swan, pro se.

VOLLACK, Justice.

Ronald C. Swan, you appear before this Court to receive a public censure. A complaint was filed with the Grievance Committee of the Colorado Supreme Court charging you with numerous violations of

the Code of Professional Responsibility, arising from your representation of and communications with a client, Geraldine Oster. Before a hearing was held in this matter, you and the disciplinary prosecutor entered into a Stipulation, Agreement, and Conditional Admission of Misconduct (Stipulation) whereby you admitted certain misconduct and conceded that imposition of a public censure would be an appropriate disciplinary measure. An inquiry panel of the Grievance Committee approved the Stipulation. The Grievance Committee accepted the Stipulation and recommended to this Court that you receive a public censure and that you be assessed the costs of the proceedings. We accept the Grievance Committee's recommendation and now impose a public censure.

## I.

You were admitted to the bar of this Court on May 25, 1983, and are registered as an attorney upon the official records of this Court, registration number 12948. You are subject to the disciplinary jurisdiction of this Court pursuant to C.R.C.P. 241.1(b). We summarize the facts based on the Stipulation.

The misconduct giving rise to this grievance proceeding occurred over a period of time commencing in June of 1984 and continuing until January 1987. In 1984 Geraldine Oster retained you to represent her in an action against a contractor who failed to complete home remodeling work after she had paid him. In September 1984 you filed a civil action on behalf of Ms. Oster in Jefferson County District Court. Two months later you obtained a default judgment against the contractor for the amount of $24,600.96 plus interest and attorney fees.

After entry of the default judgment you retained an investigator to locate the contractor. When the contractor was found, he and your client entered into a stipulation. The stipulation provided that the contractor would pay $16,500 plus attorney fees and costs to Ms. Oster by monthly payments of $375 through the court registry. This stipulation was made a court

order in January 1986. After the stipulation with the contractor was entered, you performed additional legal services for which you charged $175.50 in attorney fees, bringing your total bill to slightly over $1,500. The investigator was hired with the understanding that he would bill you for his services.

Four months later, Ms. Oster received a Summons and Complaint for payment of the investigator's fees, because you had failed to pay him. Your client believed that the expense for the investigator was to be paid from the judgment awarded by the court. When Ms. Oster attempted to contact you about this matter, you did not respond. Your client eventually paid the investigator's fee herself.

Three months later, Ms. Oster hired another attorney, Mr. Vogt, to represent her for purposes of obtaining an accounting from you as to the payments made by the contractor through the court registry. These payments were being sent to your office. When Mr. Vogt contacted you in August 1986, you agreed to send an accounting immediately. Neither Mr. Vogt nor Ms. Oster heard from you until you unsuccessfully attempted to reach Ms. Oster by telephone at her place of employment on November 20, 1986; about three months later. When you called Ms. Oster again on December 3, you expressed a desire to meet with her and she refused. When you told her that you had approximately $750 which belonged to her, she instructed you to send her the money and turn her file over to Mr. Vogt.

On December 22, Ms. Oster filed a request for investigation with the Grievance Committee. Her request stated that you had not sent her the $750, had not sent her file to Mr. Vogt, and had not provided an accounting. The next day you sent Ms. Oster two checks totaling $750, which you had received from the court registry. These checks were dated August 5, 1986, and October 27, 1986 and you had kept them in your desk until sending them to Ms. Oster on December 23, 1986.

Court records in Jefferson County indicate that the contractor made six payments

of $375 each into the court registry between November 1985 and October 1986. On March 17, the court registry issued a check for $490.81 to the law firm that was your former employer. The firm was issued this check because the firm had filed an attorney's lien after you ceased your employment at the firm. On the same date, the court registry sent a check to you, payable to Ms. Oster, in the amount of $259.19. On June 2 and on June 30, the court registry sent you checks of $375 each, payable to Ms. Oster. You signed your name on those checks and deposited them into your account.

On January 9, 1987, you contacted Ms. Oster at work by telephone; she declined to discuss these matters with you and advised you to contact her new attorney, Mr. Vogt. When you spoke with Mr. Vogt you learned that a request for investigation had been filed with the Grievance Committee.

## II.

You concede the following misconduct. You failed to communicate with your client. You failed to comply with the requirements of DR 9–102 concerning (a) the deposit of funds in a trust account, (b) notifying the client and providing an accounting of the funds, and (c) promptly delivering the funds. Your conduct is in violation of Colorado Supreme Court Rule 241.6, and is also in violation of DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR 6–101(A)(3) (neglect of a legal matter entrusted to you), DR 7–104(A)(1) (communication on the subject of the representation with a party you knew was represented by a lawyer), and DR 9–102(A)(2), (B)(1), (B)(3), and (B)(4), (failure to properly preserve the identity of funds and property of a client).

Standard 4.13 of the ABA Standards for Imposing Lawyer Sanctions (ABA Standards) provides that public censure is generally an appropriate disciplinary action when a lawyer negligently deals with client property and causes injury or potential injury to a client. ABA Standard 4.43 provides: "Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

In deciding whether to accept the Stipulation, we note that you have not been the subject of prior disciplinary proceedings. There was no evidence that you converted Ms. Oster's funds to your own use, and Ms. Oster acknowledges that she owed attorney fees to you. Taking these factors into consideration, we accept the Stipulation and publicly censure you for your misconduct. In addition, you are ordered to pay the costs of these proceedings in the amount of $46.50 to the Supreme Court Grievance Committee, 600 17th Street, Suite 500S, Denver, Colorado 80202, within thirty days from the date of the announcement of this opinion.