**The PEOPLE of the State of Colorado, Complainant,**

v.

**Myles Joseph DOLAN, Attorney–Respondent.**

**No. 90SA437.**

Supreme Court of Colorado, En Banc.

June 17, 1991.

Rehearing Denied July 15, 1991.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant, Denver.

Myles J. Dolan, pro se, Arvada.

PER CURIAM.

In this disciplinary proceeding, a hearing board of the Supreme Court Grievance Committee found that the respondent, Myles Joseph Dolan, engaged in professional misconduct. Specifically, the hearing board found that the respondent neglected a matter entrusted to him, intentionally prejudiced or damaged his client, and engaged in conduct prejudicial to the administration of justice. The hearing board recommended that the respondent receive a public censure. A hearing panel of the grievance committee approved and adopted the findings of the hearing board in part, but concluded that the respondent had not intentionally prejudiced or damaged his client. The hearing panel approved the recommended sanction of public censure with a modification to include the assessment of costs of the disciplinary proceeding in the amount of $343.78.

We issued a rule to show cause why more severe discipline should not be imposed.[1] We now adopt the findings of the hearing board as modified by the hearing panel, but order that the respondent receive the more severe sanction of suspension from the practice of law for ninety days. In addition, we direct that the respondent pay the costs of the disciplinary proceeding.

I.

The respondent was admitted to the practice of law in the State of Colorado on June 16, 1964, and is subject to the disciplinary jurisdiction of this court in all matters relating to the practice of law. C.R.C.P. 241.-1(b). The complaint filed with the grievance committee alleged professional misconduct arising out of the respondent's representation of Shirley J. Morgan and Lillian Burns in connection with a guardianship proceeding for their mother, Lucille Olive Field. A hearing on the matter was held before a hearing board of the grievance committee.

The hearing board made the following findings in connection with the alleged misconduct. In April 1988, Morgan and Burns retained the respondent to seek appointment of Morgan as the guardian of their mother, Lucille Olive Field. The guardianship was deemed necessary due to Field's serious mental and physical deterioration, and prompt action was requested.

The respondent promptly filed the necessary papers to support the creation of a guardianship and set the matter for hearing on June 1, 1988. At the hearing, Field was represented by a guardian *ad litem*, Jonathan Kriegel. The respondent and Kriegel negotiated an agreement to appoint Morgan and Tim Tufford[2] as co-guardians for a sixty day trial period. The co-guardians were to make decisions relating to medical treatment, housing for medical purposes, and assistance in financial affairs related to medical arrangements for Field. The respondent was to prepare and file with the court a proposed order based on the stipulation.

Despite repeated requests by Morgan, the respondent failed to prepare the order. He deflected Morgan's requests by statements to the effect that he was working on

---

1. Before we issued a rule to show cause, the respondent filed exceptions to the action of the hearing panel. On the motion of the disciplinary counsel, we struck the exceptions for failure of the respondent to file a transcript within the prescribed time. After we issued the rule to show cause, the respondent moved for leave to file the record and transcript and reinstate the exceptions. The disciplinary counsel objected,

and we denied the respondent's motion. He filed no further response to the order to show cause.

2. Tufford, Field's nephew, had recently been named conservator and beneficiary of the residue of the estate in Field's will.

it. At the hearing before the grievance committee, the respondent asserted that his delay was made necessary by the failure of Morgan and Tufford to enter a plan for co-guardianship. The hearing board rejected this argument, finding that there was no requirement that a plan be formulated prior to submitting the order and that the respondent's justification for the delay was not believable. In September 1988, Morgan discharged the respondent and was appointed as guardian of Fields after filing a *pro se* petition.

Based on the foregoing findings, the hearing board concluded that the respondent's conduct constituted grounds for discipline. *See* C.R.C.P. 241.6, 7A C.R.S. (1990). Specifically, the hearing board found that the respondent's conduct violated the following Disciplinary Rules of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR 6–101(A)(3) (neglect of a matter entrusted to the lawyer), and DR 7–101(A)(3) (intentionally prejudicing or damaging a client during the course of the professional relationship). The hearing board further found no excuse for the respondent's misconduct. Although the hearing board found that there was no serious injury as a result of the respondent's violations of the disciplinary rules, it also found that this was fortuitous and that Field was in physical, mental and financial jeopardy prior to entry of an order establishing the guardianship.

The board noted that the respondent had received three letters of admonition, based on complaints filed in 1972, 1973 and 1979. Additionally, he had received a private censure based on a complaint filed in August 1983. Finally, the respondent had been suspended from the practice of law for six months in 1989. *People v. Dolan,* 771 P.2d 505 (Colo.1989). Each of these instances of misconduct involved neglect of a legal matter entrusted to the respondent. *Dolan,* 771 P.2d at 507. In 1972 the respondent

delayed the handling and closing of an estate. *Id.*[3] In 1973 the respondent delayed the handling of a bankruptcy matter. *Id.* In 1979 the respondent neglected a tax matter and engaged in "conduct involving dishonesty, fraud, deceit or misrepresentation regarding statements the respondent made to a client, a fellow attorney, and the Grievance Committee." *Id.* In 1983 the respondent neglected a domestic relations matter. *Id.* Finally, in 1989, the respondent was suspended from the practice of law for six months when he neglected a case for more than a year; this neglect, in combination with his prior record, exhibited a pattern of misconduct. *Id.*

Balancing all these relevant factors, the hearing board recommended a public censure. In reviewing the hearing board's determinations, the hearing panel concluded that the finding that the respondent had intentionally prejudiced or damaged his client in violation of DR 7–101(A)(3) had not been established, but approved the hearing board's other findings and conclusions and the board's recommendation of public censure. We accept the findings and conclusions submitted by the grievance committee but conclude that the respondent should receive a ninety-day suspension from the practice of law as a sanction for his professional misconduct.

## II.

Admonition is generally appropriate when an attorney neglects a legal matter, but causes little or no actual or potential injury to the client. *ABA Standards for Imposing Lawyer Sanctions* 4.44 (1986). However, the more severe sanction of suspension is generally appropriate when a pattern of misconduct emerges that causes potential injury to a client. *ABA Standards* 4.42(a). In addition, aggravating factors may increase the severity of the appropriate sanction. The following aggravating factors are present in this case: (1) "prior disciplinary offenses," *ABA Stan-*

---

**3.** *People v. Dolan* sets forth the dates of imposition of each disciplinary sanction; the findings of the hearing board set forth the dates the complaints were filed. In our reference to the prior disciplinary actions, we assume for simplicity in reference that the misconduct occurred in the years the respective complaints were filed.

dards 9.22(a); (2) "a pattern of misconduct," *ABA Standards* 9.22(c); (3) "refusal to acknowledge wrongful nature of conduct," *ABA Standards* 9.22(g); (4) "vulnerability of victim," *ABA Standards* 9.22(h); and (5) "substantial experience in the practice of law," *ABA Standards* 9.22(i). There are no factors in mitigation. *See ABA Standards* 9.32.

We previously imposed a thirty-day suspension on an attorney who knowingly neglected a legal matter and caused injury to his client and whose disciplinary record consisted of a single letter of admonition. *People v. Masson*, 782 P.2d 335, 336 (Colo. 1989). The respondent's record includes not one, but five, prior instances of discipline, including a six-month suspension. Each involved neglect of a client matter. Despite these repeated attempts to deter his misconduct, the respondent has once again neglected a client matter. We have rejected grievance committee recommendations of thirty-days suspension in favor of suspensions of up to ninety days when, in addition to engaging in willful neglect having the potential for injury to a client, the attorney refused to cooperate with the grievance committee. *People v. Ross*, 810 P.2d 659, 660 (Colo.1991) (ninety-day suspension); *People v. Crimaldi*, 804 P.2d 863, 865 (Colo.1991) (sixty-day suspension). Although there is no indication that the respondent failed to cooperate with the grievance committee in this case, his failure to take measures to avoid neglect after five instances of discipline illustrates a certain disregard for the grievance committee proceedings. More importantly, the respondent's long record of neglecting matters entrusted to him by his clients reflects a serious absence of concern for performance of his obligations as a lawyer. Considering the totality of the relevant factors, we conclude that the respondent should be suspended from the practice of law for a period of ninety days.

### III.

It is hereby ordered that Myles Joseph Dolan be suspended from the practice of law for a period of ninety days effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that Dolan pay the costs of this proceeding in the amount of $343.78 within sixty days after the announcement of this opinion. Payment must be made to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.