The PEOPLE of the State of Colorado, Complainant,

v.

Myles Joseph DOLAN, Attorney–Respondent.

No. 94SA83.

Supreme Court of Colorado, En Banc.

May 2, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Myles Joseph Dolan, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee unanimously approved the findings of fact of a hearing board and its recommendation that the respondent [1] be disbarred and assessed costs. Neither the assistant disciplinary counsel nor the respondent has excepted to the panel's action.[2] We accept the panel's recommendation.

I

The respondent elected not to participate at the hearing before the board. Based on

1. The respondent was admitted to the bar of this court on June 16, 1964, and is registered as an attorney upon this court's official records. On June 17, 1991, the respondent was suspended from the practice of law for ninety days, effective thirty days after the issuance of the opinion. *People v. Dolan*, 813 P.2d 733, 736 (Colo.1991). He has not been reinstated from that suspension.

The respondent took the position before the hearing board that the grievance committee lacked jurisdiction over him because the acts complained of occurred while he was suspended. The board correctly rejected this argument. A lawyer that has been licensed to practice law in Colorado is subject to the disciplinary and disability jurisdiction of this court and its grievance committee in all matters relating to the practice of law even though the lawyer's license to practice has been suspended. *People v. Schindelar*, 845 P.2d 1146, 1147 (Colo.1993); *People v. Richards*, 748 P.2d 341, 343–44 (Colo.1987); C.R.C.P. 241.1(b). Moreover, the lawyer is subject to the

jurisdiction of this court and the grievance committee for misconduct committed while the lawyer is suspended. *See, e.g., People v. Stauffer*, 858 P.2d 694 (Colo.1993); *People v. James*, 731 P.2d 698 (Colo.1987).

2. The respondent filed a "Response to Citation" stating in part:

Although the Findings of Fact and Recommendation of the Hearing Board deserves exceptions as to the fact that Respondent's request for appointment of counsel was summarily denied, as to the assertion that Respondent has refused to acknowledge the wrongful nature of his conduct, and the Board's refusal to take notice of mitigating factors, other circumstances direct that such exceptions should not be formally made.

Moreover, the respondent did not designate portions of the record or file a transcript in this court, as required if exceptions are filed. *See* C.R.C.P. 241.20(b)(4).

the testimony of the assistant disciplinary counsel's witnesses and exhibits introduced into evidence, the hearing board found that the following facts were established by clear and convincing evidence.

The respondent filed a civil action on behalf of Harold and Lana Patterson against Everett Davis in Jefferson County District Court. The action alleged that due to Davis's negligence, Harold Patterson was struck by a golf ball and sustained injuries.

3. C.R.C.P. 241.21 provides:

**Rule 241.21. Required Action After Disbarment, Suspension, or Transfer to Disability Inactive Status**

**(a) Effective Date of Order—Winding Up Affairs.** Orders imposing disbarment or suspension shall become effective thirty days after the date of entry of the order, or at such other time as the Supreme Court may order. Orders transferring a lawyer to disability inactive status shall become effective immediately upon the date of entry of the order, unless otherwise ordered by the Supreme Court. After the entry of an order of disbarment, suspension, or transfer to disability inactive status the lawyer may not accept any new retainer or employment as a lawyer in any new case or legal matter; provided, however, that during any period between the date of entry of an order and its effective date the lawyer may, with the consent of his client after full disclosure, wind up or complete any matters pending on the date of entry of the order.

**(b) Notice to Clients in Pending Matters.** A lawyer against whom an order of disbarment, suspension, or transfer to disability inactive status has been entered shall promptly notify in writing by certified mail each client whom he represents in a matter still pending of the order entered against him and of his consequent inability to act as a lawyer after the effective date of such order, and advising such clients to seek legal services elsewhere. In addition, he shall deliver to each client all papers and property to which the client is entitled.

**(c) Notice to Parties in Litigation.** A lawyer against whom an order of disbarment, suspension, or transfer to disability inactive status is entered and who represents a client in a matter involving litigation or proceedings before an administrative body shall notify that client as required by subsection (b) of this Rule, and shall recommend that the client promptly obtain substitute counsel. In addition, the lawyer must notify in writing by certified mail the opposing counsel of the order entered against him and of his consequent inability to act as a lawyer after the effective date of the order. The notice to opposing counsel shall state the place of residence of the client of the lawyer against whom the order was entered.

The matter proceeded to mandatory arbitration under C.R.C.P. 109.1. The defendant made a $5,000 offer of settlement which was not accepted.

On June 17, 1991, this court suspended the respondent from the practice of law for ninety days, effective thirty days after the issuance of the opinion. *People v. Dolan,* 813 P.2d 733, 736 (Colo.1991). Although required to do so by C.R.C.P. 241.21(b),[3] the respon-

If the client of the lawyer against whom an order was entered does not obtain substitute counsel before the effective date of such order, the lawyer must appear before the court or administrative body in which the proceeding is pending and move for leave to withdraw.

**(d) Affidavit Filed With Supreme Court.** Within ten days after the effective date of the order of disbarment, suspension, or transfer to disability inactive status, or within such additional time as allowed by the Supreme Court, the lawyer shall file with the Supreme Court an affidavit setting forth a list of all pending matters in which the lawyer served as counsel and showing:

(1) That he has fully complied with the provisions of the order and of this Rule; and

(2) That he has notified every other jurisdiction before which he is admitted to practice law of the order entered against him; and

(3) That he has served a copy of such affidavit upon the Committee Counsel and Disciplinary Counsel.

Such affidavit shall also set forth the address of the lawyer to which communications may thereafter be directed.

In addition, the lawyer shall continue to file a registration statement in accordance with C.R.C.P. 227 for a period of five years following the effective date of the order listing his residence or other address where communications may thereafter be directed to him; provided, however, that the annual registration fee need not be paid during such five-year period unless and until the lawyer is reinstated. Upon reinstatement the lawyer shall pay the annual registration fee for the year in which reinstatement occurs.

**(e) Public Notice of Order.** The Committee Counsel shall cause a notice of the disbarment, suspension, or transfer to disability inactive status entered against a lawyer to be published in a newspaper or newspapers of general circulation in each judicial district of Colorado in which the lawyer maintained an office for the practice of law.

**(f) Notice of Order to the Courts.** The Clerk of the Supreme Court shall promptly transmit a certified copy of the order of disbarment, suspension, or transfer to disability inactive status to all courts in this state. The chief judge of each judicial district may make such further order pursuant to C.R.C.P. 241.25(h) or

dent took no action to notify the Pattersons that he had been suspended. He also failed to obtain substitute counsel to assist the Pattersons in their case and he failed to withdraw from the case. C.R.C.P. 241.21(b), (c). Further, the respondent failed to provide the Pattersons with any notice that he had set a final arbitration hearing for December 3, 1991.

The respondent also failed to provide written notice of his suspension to the three arbitrators. In mid-November 1991, the arbitrators became curious about the status of the case and they learned from sources other than the respondent that he had been suspended. When one of the arbitrators attempted to contact him, the respondent did not return the calls.

The district court issued an order requiring the parties to file an arbitrator's award or show cause why the matter should not be dismissed for failure to prosecute. On November 25, 1991, the respondent filed a "Response to Court's Order to Show Cause." In the response, the respondent stated that, "The undersigned was suspended from practice and is pending reinstatement. The matter has been scheduled for arbitration on December 3, 1991. During the suspension of the undersigned, no action by the undersigned was possible." This response was sent to the arbitrators and opposing counsel, and was the only notice received by them from the respondent regarding his suspension. *Cf.* C.R.C.P. 241.21(c).

Neither the respondent nor the Pattersons appeared at the arbitration hearing on December 3, 1991. When the arbitrators tried to contact the respondent and the Pattersons, Harold Patterson told an arbitrator that he had not received notice of the hearing. Since neither the respondent nor the Pattersons showed up at the hearing, the arbitrators entered an award against the Pattersons in favor of the defendant. The Pattersons did not exercise their right to a

trial *de novo,* and the district court dismissed their claims with prejudice. The court awarded the defendant costs against the Pattersons in the amount of $170.00. Even though they did not ask for a trial *de novo,* the board concluded that the respondent's conduct injured the Pattersons.

The respondent's failure to notify his clients and opposing counsel of his suspension violated C.R.C.P. 241.21(b) and (c). The respondent also violated C.R.C.P. 241.21(b) and (c) when he failed to take any steps to obtain substitute counsel for the Pattersons or to appear before the tribunal and move to withdraw. As the hearing board determined, these failures, along with the respondent's failure to notify the Pattersons of the arbitration hearing violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship). Moreover, when the respondent failed to advise the arbitrators that he had been suspended and did not move to withdraw, he violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

II

The hearing panel approved the board's recommendation that the respondent be disbarred. We agree that disbarment is appropriate in this case for two reasons. First, under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer ... intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession...." ABA *Standards* 8.1(a).

otherwise as he deems necessary to protect the rights of clients of the lawyer.

(g) **Duty to Maintain Records.** A lawyer who has been disbarred, suspended, or transferred to disability inactive status shall keep and maintain records of any steps taken by him pursuant to this Rule as proof of compli-

ance with this Rule and with the order entered against him. Failure to comply with this subsection without good cause shown shall constitute contempt of the Supreme Court. Proof of compliance with this subsection shall be a condition precedent to any petition for reinstatement or readmission.

When the respondent was suspended in 1991, he was given thirty days to wind up or complete any matters pending on the date the order was entered. *Dolan,* 813 P.2d at 736; C.R.C.P. 241.21(a). The respondent injured the Pattersons when he failed to perform the affirmative duties of notification and winding up imposed by C.R.C.P. 241.21. We have said that "[a] lawyer's continued practice of law while under an order of suspension, with no efforts to wind up the legal practice, and failure to take action to protect the legal interests of the lawyer's clients, warrants disbarment. *People v. James,* 731 P.2d 698, 700 (Colo.1987)." *People v. Wilson,* 832 P.2d 943, 945 (Colo.1992).

There is no evidence in this proceeding that the respondent continued to practice law after his suspension became effective. However, we find it equally serious that the respondent first took no steps to protect the legal interests of the Pattersons as he was required to do by C.R.C.P. 241.21, and then asserted before the district court and the grievance committee that he could take no action on the Patterson's behalf because of the order of suspension.

Second, and more significantly, the respondent has an extensive history of similar discipline. The respondent received letters of admonition in 1972, 1973, and 1979. He was privately censured based on a complaint filed in 1983. The admonitions and the private censure were for neglect of legal matters. In 1989, the respondent was suspended from the practice of law for six months after neglecting a legal matter for over a year. *People v. Dolan,* 771 P.2d 505 (Colo.1989). His 1991 suspension was for neglect of a legal matter and engaging in conduct prejudicial to the administration of justice. *Dolan,* 813 P.2d at 735. The respondent has apparently received yet another letter of admonition for neglect since the issuance of our 1991 opinion.

"Disbarment is generally appropriate when a lawyer ... has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession." ABA *Standards* 8.1(b). The respondent's continuing pattern of professional misconduct following two prior orders of suspension and multiple private discipline demonstrates the futility of imposing still another period of suspension. We therefore accept the hearing panel's recommendation that the respondent be disbarred.

### III

Accordingly, it is hereby ordered that Myles Joseph Dolan be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Dolan pay the costs of this proceeding in the amount of $153.61 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.