The PEOPLE of the State of
Colorado, Complainant,

v.

Ronald C. SWAN, Attorney–Respondent.

No. 95SA76.

Supreme Court of Colorado,
En Banc.

April 17, 1995.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Asst. Disciplinary Counsel, Denver, for complainant.

Ronald C. Swan, Lakewood, pro se.

PER CURIAM.

An inquiry panel of the Supreme Court Grievance Committee approved a conditional admission of misconduct executed by the respondent and the assistant disciplinary counsel, C.R.C.P. 241.18, and recommended that the respondent be suspended from the practice of law for one year and one day and, as a condition of reinstatement, be required to satisfy a malpractice judgment against him. We accept the conditional admission and the recommendation of the inquiry panel.

I.

A.

The respondent was admitted to the bar of this court in 1983. The conditional admission states that on January 5, 1990, Joseph Markovic and the respondent entered into a contingent fee agreement for the respondent to represent Markovic in an action to recover for the injuries he suffered in an automobile accident which occurred on December 21, 1989. Two years after the accident, the respondent filed an action in Jefferson County District Court against the driver of the other vehicle.

The defendant's lawyer sent the respondent interrogatories and request for production of documents in May 1992. In January 1993, the defendant's lawyer filed a motion to compel the respondent and his client to respond to the discovery requests. The plaintiff was ordered to respond to the requests by February 26, 1993, and when no responses were received, the defendant's lawyer filed a motion to dismiss. Two weeks later, on April 22, 1993, the respondent supplied responses to the May 1992 requests. The district court imposed attorney fees of $150 against the respondent. The respondent then failed to set the case for trial as ordered by the court.

On June 21, 1993, the defendant's lawyer filed a second motion to dismiss, which was granted by the court. The respondent's motion to reopen the case was denied. The respondent did not tell his client that the action had been dismissed, and the client did not discover this fact until he hired another lawyer to prosecute the case. The respondent subsequently failed to deliver the Markovic files to the new lawyer.

The respondent has admitted that his conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), and DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means). On and after January 1, 1993, the effective date of the Rules of Professional Conduct, the respondent violated R.P.C. 1.3 (neglect), R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information), R.P.C. 1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), R.P.C. 3.4(d) (a lawyer shall not fail to make a reasonably diligent effort to comply with a discovery request), and R.P.C. 8.4(d) (conduct prejudicial to administration of justice).

### B.

In September 1993, Markovic's lawyer filed a legal malpractice action against the respondent, *Markovic v. Swan*, No. 93CV1782 (Jefferson County Dist. Ct.). Because of the failure of the respondent to respond to discovery requests and to otherwise defend the action against him, the district court first granted judgment against the respondent on the issue of liability, and later, on the amount of damages, which was set at $50,000 compensatory damages, and $50,000 in exemplary damages.

The respondent stipulated that his conduct in the malpractice action against him violated R.P.C. 3.4(d) (failure to make a reasonably diligent effort to comply with a discovery request), and R.P.C. 8.4(d) (conduct prejudicial to the administration of justice).

### II.

The parties stipulated that suspension for one year and one day, with the condition that the respondent satisfy the legal malpractice judgment against him, is appropriate discipline, and the inquiry panel approved the recommendation. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

One aggravating factor is that the respondent received a public censure in 1988 for failing to communicate with his client and improperly dealing with client funds. *People v. Swan*, 764 P.2d 54 (Colo.1988); ABA *Standards* 9.22(a) (prior discipline is an aggravating factor). Additional factors in aggravation according to the parties are the presence of a pattern of misconduct, *id.* at 9.22(d); and multiple offenses, *id.* at 9.22(d). In mitigation, the assistant disciplinary counsel stipulated to the respondent's willingness to rectify the consequences of his conduct, *id.* at 9.32(d); the respondents's cooperation in the disciplinary proceedings, *id.* at 9.32(e); and the presence of remorse, *id.* at 9.32(*l*).

We agree that the pattern of extensive neglect in this case, along with the previous discipline, compel more than a short period of suspension. We therefore accept the conditional admission of misconduct and the recommendation of the inquiry panel.

### III.

It is hereby ordered that Ronald C. Swan be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is also ordered that Swan pay the costs of this proceeding in the amount of $49.02 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver,

Colorado 80202. Swan shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d). As a further condition of reinstatement, Swan is required to satisfy the judgment against him in *Markovic v. Swan*.

LOHR, J., does not participate.