**The PEOPLE of the State of Colorado, Complainant,**

v.

**Ronald C. SWAN, Attorney–Respondent.**

**No. 97SA107.**

Supreme Court of Colorado,
En Banc.

June 2, 1997.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Ronald C. Swan, Lakewood, Pro Se.

PER CURIAM.

The respondent in this lawyer discipline case defaulted before the hearing board, which recommended that the respondent be disbarred and be required to make certain restitution as a condition for readmission. A

hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board. We accept the board's and panel's recommendations and order that the respondent be disbarred.

## I

The respondent was admitted to practice law in Colorado in 1983. A default was entered against the respondent because he did not answer the formal complaint filed by the complainant. The allegations of fact contained in the complaint were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo. 1993). Based on the respondent's default and the evidence presented by the complainant, the board found the following.

In March 1994, Richard Santos hired the respondent to represent him in a dissolution of marriage proceeding. Santos paid the respondent a $400 advance fee. After appearing for Santos in May 1994, and preparing a draft separation agreement, the respondent took no further action on his client's behalf. In 1994 and 1995, the lawyer for Santos's wife filed a motion for modification of custody and parenting time, motions for attorney fees, and a motion for the clerk of court to execute a power of attorney to remove Santos's name from a motor vehicle title. The respondent did not take any action with respect to any of these motions, nor did he advise his client that they had been filed, and consequently Santos was unaware of them. The court assessed $150 against Santos for not providing the power of attorney to transfer the title to the vehicle as was required in the September 1994 separation agreement. Santos was not aware of this award until his subsequent lawyer told him about it.

The respondent was suspended from the practice of law for one year and one day effective May 17, 1995. *People v. Swan*, 893 P.2d 769, 770 (Colo.1995). The respondent did not notify his client, opposing counsel, or the court hearing the Santos case of his suspension as required by C.R.C.P. 241.21(b) and (c). He did not deliver to Santos the papers and property Santos was entitled to under C.R.C.P. 241.21(b). Nor did he file an affidavit with this court listing the matters pending in which he was counsel and certifying that he had complied with the provisions of the order of suspension and C.R.C.P. 241.21, which is mandatory under C.R.C.P. 241.21(d).

The hearing on the motion to modify was set for October 11, 1995. The respondent did not inform Santos of the date, however, so Santos was on vacation in Mexico on October 11. When his ex-wife told him about the hearing shortly before it was to occur and Santos could not contact the respondent, his parents retained another lawyer to attend the hearing and obtain a continuance. When it granted the continuance, the court assessed $413 in attorney fees against Santos.

In short, the respondent neglected his client's dissolution proceeding, failed to keep his client reasonably informed about the status of the matter, and failed to explain the case to the extent reasonably necessary for Santos to make informed decisions. The hearing board concluded that the respondent "effectively abandoned his client ... when the respondent was suspended from the practice of law in 1995." In addition to the violations of C.R.C.P. 241.21, the board found that the respondent's conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer), and Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter).

## II

The hearing panel approved the board's recommendation that the respondent be disbarred and be ordered to pay restitution as a condition of readmission. The complainant has not excepted to the recommendation. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when a lawyer:

(a) intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or

(b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

ABA *Standards* 8.1. In this case, following his 1995 suspension, the respondent took no steps to notify his client, the other party, or the court, that he had been suspended. He took no steps to protect his client's interests and, as the hearing board determined, caused his client actual harm as reflected by the attorney fees assessed against his client. This case is very similar to *People v. Dolan*, 873 P.2d 766, 768 (Colo.1994), where we disbarred the lawyer for failing to notify his clients of his ninety-day suspension from the practice of law, failing to obtain substitute counsel and to withdraw from a pending proceeding, and failing to comply with the requirements of C.R.C.P. 241.21. We said that while there was

> no evidence in this proceeding that the respondent continued to practice law after his suspension became effective ... we find it equally serious that the respondent first took no steps to protect the legal interests [of his clients] as he was required to do by C.R.C.P. 241.21, and then asserted before the district court and the grievance committee that he could take no action on the [clients'] behalf because of the order of suspension.

873 P.2d at 769. Like the lawyer we disbarred in *Dolan*, 873 P.2d at 769, the respondent has a history of similar discipline, which is an aggravating factor. *See* ABA *Standards* 9.22(a). The respondent in this case received a public censure in 1988 for failing to communicate with his client and improperly dealing with client funds, *People v. Swan*, 764 P.2d 54 (Colo.1988), and he was suspended for one year and one day in 1995 for seriously neglecting a legal matter, *People v. Swan*, 893 P.2d 769, 770 (Colo.1995). Additional aggravating factors include a dishonest or selfish motive, *see id.* at 9.22(b); and the presence of multiple offenses, *see id.* at 9.22(d). The respondent did not appear at the hearing or otherwise participate in these proceedings so the board found no factors in mitigation. We conclude that under these circumstances disbarment is appropriate. Accordingly, we accept the board's and panel's recommendations.

## III

It is hereby ordered that Ronald C. Swan be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is also ordered that, prior to any application for readmission and as a condition thereof, the respondent make restitution in the amount of $563 plus statutory interest from October 11, 1995, to Richard Santos. It is further ordered that the respondent pay the costs of this proceeding in the amount of $120.24 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.