**The PEOPLE of the State of Colorado, Complainant,**

v.

**William Douglas JAMES, Attorney-Respondent.**

**No. 86SA408.**

Supreme Court of Colorado, En Banc.

Jan. 20, 1987.

---

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

QUINN, Chief Justice.

In this grievance proceeding, the respondent, William Douglas James, was charged in two separate counts with professional misconduct. The Grievance Committee entered findings of fact and recommended that the respondent be disbarred. We now adopt the findings of the Grievance Committee and enter an order of disbarment.

The respondent was admitted to practice law in the state of Colorado on September 27, 1972, and is subject to the jurisdiction of this court and its Grievance Committee. In April 1986 the respondent was served with a complaint filed with the Grievance Committee. Count one of the complaint alleged that in late 1978 or early 1979 an elderly gentleman, Winston Hollard, contacted the respondent for the purpose of obtaining a settlement of a slip and fall accident which occurred on or about December 11, 1978, and in which Mr. Hollard sustained serious injury. Mr. Hollard attempted to contact the respondent by telephone on several occasions at the respondent's office and home, but the respondent did not return the telephone calls. In August 1985 Mr. Hollard obtained the assistance of another attorney in an effort to determine the status of the case. This other attorney wrote to the respondent on several occasions and requested the respondent to contact him regarding the case. The respondent declined to contact this attorney or to communicate any information to him about the case. Count two of the complaint alleged that on May 4, 1984, the respondent was suspended from the practice of law for noncompliance with the mandatory continuing legal education requirements imposed by C.R.C.P. 260.2, but notwithstanding such suspension continued to operate his law office subsequent to his suspension.

The respondent failed to answer the complaint and a default was entered against him. The Grievance Committee thereafter notified the respondent that a hearing would be conducted on June 30, 1986, regarding the appropriate form of discipline to be imposed. The respondent failed to appear for the hearing. A report of the Grievance Committee's investigator was filed with the hearing board in connection with the hearing on discipline. This report indicated that the respondent's failure to take any action on behalf of Mr. Hollard resulted in the running of the statute of limitations on that claim. The report further noted that the respondent, when questioned by the investigator about his continued practice of law while under suspension, stated that he had the right to handle cases while under suspension so long as they were still pending as of the date of his suspension.

The hearing board found by clear and convincing evidence that the facts alleged in the grievance complaint and in the grievance investigator's report were true. It concluded that the respondent violated the Code of Professional Responsibility and the Colorado Rules of Civil Procedure in the following particulars: the respondent's failure to take any action on behalf of Mr. Hollard constituted neglect of a legal matter entrusted to him in violation of DR 6–101(A)(3) and thereby resulted in serious

harm and damage to Mr. Hollard; the respondent's failure to pursue Mr. Hollard's claim despite repeated efforts to contact the respondent by Mr. Hollard and the attorney acting on his behalf constituted an intentional failure to carry out a contract of employment in violation of DR 7–101(A)(2); the respondent's failure to promptly deliver Mr. Hollard's files to the attorney acting on behalf of Mr. Hollard constituted a violation of DR 9–102(B)(4); the respondent's continued practice of law while under suspension for noncompliance with the mandatory continuing legal education requirements constituted a violation of DR 3–101(B), in that the respondent practiced law in Colorado in violation of Colorado rules regulating the profession; the respondent's conduct violated C.R.C.P. 241.21, in that he failed to comply with the disclosure and notice requirements for winding up affairs after his suspension for failure to comply with the mandatory continuing legal education requirements of C.R.C.P. 260.2; the respondent's conduct violated C.R.C.P. 241.6 in that he engaged in acts or omissions in violation of the Colorado Rules of Civil Procedure regarding lawyer discipline; and the respondent's conduct violated DR 1–102(A)(1), in that he violated the Colorado Rules of Civil Procedure regarding lawyer discipline and mandatory continuing legal education requirements.

Noting that the respondent had previously received a letter of admonition in 1983 for neglecting a legal matter entrusted to him, that his professional misconduct in connection with Mr. Hollard's claim resulted in serious harm to Mr. Hollard, and that the respondent had actively engaged in the practice of law for one and one-half years after his suspension for noncompliance with the continuing legal education requirements, the hearing board recommended that the respondent be disbarred. The hearing panel of the Grievance Committee approved the findings, conclusions, and recommendation of the hearing board. We also concur in the findings, conclusions, and recommendation of disbarment.

The respondent's continued practice of law while under a suspended status, with no effort to wind up his affairs subsequent to his suspension, demonstrates a callous disregard of the rules of this court regulating the practice of law in this state. Furthermore, the respondent's failure to take any action to protect the legal interests of Mr. Hollard in connection with his personal injury claim resulted in serious damage to his client and constituted an egregious violation of the basic responsibilities which a lawyer owes to a client. The respondent's disregard of his professional responsibilities has continued to the present time, as evidenced by his failure to answer the grievance complaints or even to attend the disciplinary hearing relating to the imposition of discipline. Under these circumstances, any sanction less than disbarment would depreciate the seriousness of the respondent's misconduct in the eyes of both the profession and the public.

The respondent is accordingly disbarred, his name shall be stricken from the roll of attorneys licensed to practice law in this state. The respondent is ordered to pay the cost of these proceedings in the amount of $122.92 by tendering this sum within sixty days of this date to the Supreme Court Grievance Committee, 600 Seventeenth Street, 500 S Dominion Plaza, Denver, Colorado, 80202.