The PEOPLE of The State of
Colorado, Complainant,

v.

Robert S. KARGOL, Attorney–
Respondent.

No. 93SA88.

Supreme Court of Colorado,
En Banc.

July 6, 1993.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Robert S. Kargol, pro se.

PER CURIAM.

Two formal complaints were filed charging the respondent in this attorney disciplinary proceeding with appearing as counsel of record in numerous court proceedings after being suspended from the practice of law pursuant to C.R.C.P. 260.6(10). A hearing board found that the respondent had violated the Code of Professional Responsibility and the Rules of Procedure Regarding Lawyer Discipline as charged, and recommended that he be suspended for ninety days and that certain conditions on reinstatement be imposed. A hearing panel of the Supreme Court Grievance Committee approved the board's findings, but modified the recommendation of discipline to suspension for one year and one day. We accept the panel's recommendation and order that the respondent be suspended for one year and one day, that he comply with the conditions set forth in the hearing board's report, and that he be assessed the costs of the proceeding.

I

The respondent was admitted to the bar of this court on October 13, 1978, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). At the hearing, the board considered the exhibits introduced into evidence, including a stipulation reached by the parties, and the respondent testified regarding factors in mitigation. In its report, the board found that the following facts had been established by clear and convincing evidence.

On March 20, 1986, this court suspended the respondent from the practice of law because he had failed to comply with mandatory continuing legal education requirements. As of the date of the hearing, the respondent had not applied for reinstatement and had not been reinstated. Nevertheless, the respondent appeared as counsel of record in at least thirteen court proceedings in Boulder County District Court, Boulder County Court, and Adams County District Court after being suspended and before July 15, 1991.

On August 5, 1991, the respondent was interviewed by an investigative counsel with the Office of Disciplinary Counsel. At that time the respondent misrepresented to the investigator that he had entered an appearance as attorney of record only three times after being suspended in 1986. In fact, the respondent entered appearances as attorney of record in at least four court proceedings pending in Boulder County after he had been told by the investigator that his license to practice law remained suspended. When the respondent entered his appearance of record in these latter proceedings, he still had not completed the procedures required to bring his license into good standing. The board found, however, that the assistant disciplinary counsel had not demonstrated that the respondent's representation of clients while under order of suspension had resulted in any actual harm to the clients.

◼ The hearing board correctly concluded that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 3–101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction); as well as C.R.C.P. 241.6 (grounds for attorney discipline).

## II

■ The hearing board recommended that the respondent be suspended for ninety days and that certain conditions on reinstatement be imposed. These conditions included that the respondent fulfill all of the requirements pertaining to attorney registration, C.R.C.P. 227, and mandatory continuing legal education, C.R.C.P. 260 to 260.7; that he submit evidence that he has consulted with a licensed mental health professional; that the respondent submit a plan for another lawyer to monitor the respondent's professional progress; and that he demonstrate that he has withdrawn from all cases in which he is the attorney of record as of the date of the hearing and that he did not practice law after the hearing.

The hearing panel approved the board's factual findings and conclusions, but modified the board's recommendation of discipline to suspension for one year and one day in conjunction with the board's conditions for reinstatement. The panel modified the recommended discipline because of "the serious nature of the respondent's misconduct, including the fact that he remained counsel of record in cases on the date of the hearing in this case even after having been charged with practicing law while suspended...." *See* C.R.C.P. 241.-15(b). Neither the respondent nor the assistant disciplinary counsel has excepted to the hearing panel's action.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22. The potential for harm or the potential for interference with the proceedings in which the respondent appeared was certainly present even though actual

harm to any of the clients represented was not demonstrated. Disbarment would be appropriate had such actual harm been shown. *People v. Wilson*, 832 P.2d 943, 945 (Colo.1992); *People v. James*, 731 P.2d 698, 700 (Colo.1987).

In mitigation, the hearing board found the absence of a dishonest or selfish motive on the respondent's part, ABA *Standards* 9.32(b); the presence of personal and emotional problems contributing to the misconduct, *id.* at 9.32(c); the fact that the respondent made full and free disclosure to the hearing board and evinced a cooperative attitude toward the proceedings after initially misleading the investigator, *id.* at 9.32(e); good character or reputation, *id.* at 9.32(g); physical or mental disability or impairment, ABA *Standards* 9.32(h) (1986); interim rehabilitation, *id.* at 9.32(j)[1]; and remorse, ABA *Standards* 9.32(*l*).

Although significant, these factors in mitigation are balanced by equally serious factors in aggravation. There is a pattern of misconduct, *id.* at 9.22(c); multiple offenses, *id.* at 9.22(d); and the submission of false evidence, false statements, or other deceptive practices during the disciplinary process, *id.* at 9.22(f). In addition, the respondent was privately admonished in 1982 for practicing law in Colorado after failing to register and to keep a current address on file with this court. *Id.* at 9.22(a) (prior disciplinary history).

Moreover, we agree with the hearing panel that it is very troubling that the respondent continued to represent clients as attorney of record after being contacted by the investigator and after being charged with practicing law while suspended. These actions and inactions on the part of the respondent foreclose consideration of a short period of suspension, even in conjunction with the conditions suggested by the hearing board. We conclude that a period of suspension for one year and one day, as the panel recommended, is the minimum appropriate sanction under these circum-

---

1. The hearing board apparently relied on the former version of ABA *Standards* 9.32(h) and (j), before the amendment of those standards in 1992, because much of the respondent's misconduct antedated 1992. *See People v. Driscoll*, 830 P.2d 1019, 1022 n. 3 (Colo.1992).

stances. One member of the court would impose a more severe sanction.

### III

Accordingly, it is hereby ordered that Robert S. Kargol be suspended from the practice of law for one year and one day, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Kargol pay the costs of this proceeding in the amount of $361.22 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. Kargol shall comply with the conditions of reinstatement as set forth on pages 10–11 at paragraph 2(a)–(e) of the Findings of Fact, Conclusions and Recommendation of the Hearing Board, dated January 18, 1993. In addition, Kargol shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).