The PEOPLE of the State of Colorado, Complainant,

v.

William G. ROSS, Attorney–Respondent.

No. 94SA111.

Supreme Court of Colorado, En Banc.

May 2, 1994.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

William G. Ross, pro se.

PER CURIAM.

The respondent [1] in this attorney discipline proceeding was suspended for ninety days

grievance committee in these proceedings. C.R.C.P. 241.1(b). He remains suspended under a 1991 order of suspension, *People v. Ross,* 810 P.2d 659 (Colo.1991).

from the practice of law effective June 12, 1991. *People v. Ross*, 810 P.2d 659 (Colo. 1991). He was subsequently charged with failing to comply with C.R.C.P. 241.21(d) and 241.22(b) and with practicing law while under an order of suspension. The respondent defaulted before the hearing board, and the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo. 1993). A hearing panel approved the findings of fact and the recommendation of the hearing board that the respondent be suspended for three years and be assessed the costs of the proceeding. Neither of the parties has excepted to the panel's action. We accept the panel's recommendation.

2. C.R.C.P. 241.21(d) provides in relevant part:
   **Rule 241.21. Required Action After Disbarment, Suspension, or Transfer to Disability Inactive Status**
   . . . .
   **(d) Affidavit Filed With Supreme Court.** Within ten days after the effective date of the order of disbarment, suspension, or transfer to disability inactive status, or within such additional time as allowed by the Supreme Court, the lawyer shall file with the Supreme Court an affidavit setting forth a list of all pending matters in which the lawyer served as counsel and showing:
   (1) That he has fully complied with the provisions of the order and of this Rule; and
   (2) That he has notified every other jurisdiction before which he is admitted to practice law of the order entered against him; and
   (3) That he has served a copy of such affidavit upon the Committee Counsel and Disciplinary Counsel.
   Such affidavit shall also set forth the address of the lawyer to which communications may thereafter be directed.
   In addition, the lawyer shall continue to file a registration statement in accordance with C.R.C.P. 227 for a period of five years following the effective date of the order listing his residence or other address where communications may thereafter be directed to him; provided, however, that the annual registration fee need not be paid during such five-year period unless and until the lawyer is reinstated. Upon reinstatement the lawyer shall pay the annual registration fee for the year in which reinstatement occurs.

3. C.R.C.P. 241.22(b) provides, in pertinent part:
   **Rule 241.22. Readmission and Reinstatement after Discipline**
   . . . .
   **(b) Reinstatement After Suspension.** Unless otherwise provided by the Supreme Court in its order of suspension, a lawyer who has

I

Based on the complaint and exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

After he was suspended from the practice of law for ninety days effective June 12, 1991, the respondent failed to comply with the affidavit requirement of C.R.C.P. 241.21(d).[2] Moreover, he failed to comply with C.R.C.P. 241.22(b), which requires a suspended lawyer to file an affidavit with Committee Counsel stating that the lawyer has fully complied with the order of suspension.[3] As a result, the respondent was not and has not been reinstated from the 1991 order of suspension.

been suspended for a period of one year or less shall be reinstated by order of the Supreme Court, *provided the lawyer files with the Committee Counsel within 30 days prior to the expiration of the period of suspension an affidavit stating that the lawyer has fully complied with the order of suspension and with all applicable provisions of this Chapter.* Upon receipt of the lawyer's affidavit that has been timely filed, Committee Counsel shall notify the Supreme Court of the lawyer's compliance with this rule. Upon receipt of the notice, the clerk of the Supreme Court shall issue an order reinstating the lawyer. The order shall become effective upon the expiration of the period of suspension. If the lawyer fails to file the required affidavit within the time specified, the lawyer must seek reinstatement pursuant to section (c) of this rule; provided, however, that a suspended lawyer who fails to file a timely affidavit may obtain leave of the hearing panel to file an affidavit upon showing that the lawyer's failure to file the affidavit was the result of mistake, inadvertence, surprise, or excusable neglect. A lawyer reinstated pursuant to this section shall not be required to show proof of rehabilitation.

A lawyer who has been suspended for a period longer than one year must petition the Supreme Court for reinstatement and must prove by clear and convincing evidence that the lawyer has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this Chapter, and is fit to practice law.

If the lawyer remains suspended for five years or longer, reinstatement shall be conditioned upon certification by the State Board of Law Examiners of the petitioner's successful completion, after the expiration of the period of suspension, of the examination for admission to practice law and upon a showing by the petitioner of such other proof of professional competence as the Supreme Court may re-

Nevertheless, on August 20, 1992, the respondent filed an entry of appearance as counsel for a defendant in a criminal case in Jefferson County. The respondent filed a motion to dismiss on the defendant's behalf and appeared at motions hearings on October 30 and November 17, 1992. On November 19, 1992, he tried the case before the Jefferson County Court.

In addition to his violations of C.R.C.P. 241.21(d) and C.R.C.P. 241.22(b), the respondent violated C.R.C.P. 241.6(6) (a lawyer is subject to professional discipline for any act or omission which violates these Rules or which violates an order of discipline or disability); and DR 3–101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction).

Further, because he failed to respond to the request for investigation filed in the instant matter, he violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

## II

The hearing panel approved the board's recommendation that the respondent be suspended for three years. Given the seriousness of the misconduct and the factors in aggravation,[4] a long period of suspension is the minimum acceptable sanction.

In previous cases, we have found disbarment appropriate when a lawyer practices law while suspended or otherwise violates an order of suspension and causes harm to a client. *People v. Dolan,* 873 P.2d 766 (Colo. 1994); *People v. Wilson,* 832 P.2d 943, 945 (Colo.1992); *People v. James,* 731 P.2d 698, 700 (Colo.1987). In this case, however, the hearing board specifically found that the re-

spondent's conduct did not cause harm to any client.

Moreover, we note that the respondent does not have as extensive a disciplinary history as the attorney in *Dolan,* who was disbarred. *See Dolan,* 873 P.2d at 769. In addition to the 1991 suspension, the respondent has received a letter of admonition for neglecting a legal matter. *See Ross,* 810 P.2d at 660.

As in *People v. Crimaldi,* 854 P.2d 782, 786 (Colo.1993), "[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to follow the recommendations of the hearing panel and impose a period of suspension rather than disbarment." *See also People v. Regan,* 871 P.2d 1184, 1188 (Colo.1994) (accepting panel's recommendation of suspension rather than ordering disbarment given abbreviated record). The respondent has been suspended for almost three years at this point. If an additional three-year suspension is imposed, the respondent will remain suspended for almost six years before he is eligible for reinstatement. We therefore accept the hearing panel's recommendation. At least one member of the court would favor imposition of a more severe sanction.

## III

Accordingly, it is hereby ordered that William G. Ross be suspended from the practice of law for three years, commencing immediately upon the issuance of this opinion. It is further ordered that Ross pay the costs of this proceeding in the amount of $239.96 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado

---

quire; provided, however, that filing a petition for reinstatement within five years of the effective date of the suspension of the lawyer tolls the five-year period until such time as the Supreme Court rules on the petition. (Emphasis added.)

**4.** The hearing board found the following factors in aggravation: (1) prior discipline, ABA *Stan-*

*dards for Imposing Lawyer Sanctions* 9.22(a); (2) a pattern of misconduct, *id.* at 9.22(c); (3) bad faith obstruction of the disciplinary proceeding, *id.* at 9.22(e); (4) refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); and (5) substantial experience in the practice of law, *id.* at 9.22(i).

80202. Ross must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated.