**The PEOPLE of the State of Colorado, Complainant,**

v.

**John Delos ZIMMERMANN, Attorney–Respondent.**

**No. 97SA113.**

Supreme Court of Colorado, En Banc.

May 19, 1997.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

John Delos Zimmermann, Denver, Pro Se.

## PER CURIAM.

In this lawyer discipline case, the respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. The parties agreed that the respondent should receive either a private or public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission with the recommendation that the respondent be publicly censured. We accept the conditional admission and the inquiry panel's recommendation.

## I.

The respondent was admitted to practice law in Colorado in 1971. The conditional admission provides that in 1990 the respondent started advertising with the National Lawyer Referral Network, Inc. (NLRN), which was a for-profit referral agency that did not have the approval of a bar association as then required by DR 2–103(C)(1). He signed yearly contracts with NLRN and he agreed to pay monthly installments of $2,000.

■ The respondent first became aware of a problem when a request for investigation was filed against the lawyer-owner of NLRN in April 1991 for operating an unapproved lawyer referral service. The respondent actually represented the lawyer in the formal disciplinary proceedings following the request for investigation. The respondent nevertheless continued to advertise with NLRN through the end of 1995 despite the fact that NLRN remained a for-profit referral service. The respondent relied upon the lawyer-owner's misrepresentations that NLRN had been converted to a not-for-profit entity. He therefore deliberately closed his eyes to facts he had a duty to see. "Under certain circumstances, an attorney's conduct can be so careless or reckless that it must be deemed to be knowing and will constitute a violation of a specific disciplinary rule." *People v. Rader,* 822 P.2d 950, 953 (Colo.1992); *see also People v. Zimmermann,* 922 P.2d 325, 329 (Colo.1996) (suspending the same respondent as in this case for engaging in dishonest conduct contrary to DR 1–102(A)(4) and Colo. RPC 8.4(c), although he claimed that he had never studied the disciplinary rules or read disciplinary summaries, and never took any steps to clarify his fiduciary duty with respect to client funds).

The respondent has admitted that the foregoing conduct, which occurred before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 2–103(C) (requesting a person or organization to recommend or promote the use of the lawyer's services), and Colo. RPC 7.2(c) (giving anything of value to a person for

recommending the lawyer's services).[1]

## II.

The parties agreed to the imposition of either a private or public censure. In approving the conditional admission, the inquiry panel recommended a public censure. We agree that a public censure is warranted given the respondent's disciplinary history. He has received three letters of admonition and is currently serving a suspension for one year and one day and must therefore undergo reinstatement proceedings. *See Zimmermann*, 922 P.2d at 330. Under these circumstances, private discipline is not appropriate. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III.

John Delos Zimmermann is hereby publicly censured. It is ordered that the respondent pay the costs of this proceeding in the amount of $289.25 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

**1.** As part of the conditional admission, the complainant requested that a second charge that the respondent advertised with a for-profit referral service be dismissed because it cannot be proved by clear and convincing evidence that the respondent's conduct in this other matter violated any Rule of Professional Conduct.