The PEOPLE of the State of Colorado, Complainant,

v.

James Robert DOVER, Attorney–Respondent.

No. 97SA221.

Supreme Court of Colorado, En Banc.

Sept. 15, 1997.

---

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Timothy A. Meinert, Dillon, for Attorney–Respondent.

## PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. *See* C.R.C.P. 241.18. The conditional admission recommended either a private or a public censure. In approving the conditional admission, the panel recommended a private censure. We accept the conditional admission, but conclude that a public censure is warranted.

### I.

The respondent was admitted to practice law in Colorado in 1966. The conditional admission provides as follows.

By order dated May 21, 1996, the respondent was suspended from the practice of law for failure to comply with mandatory continuing legal education (CLE) requirements. *See* C.R.C.P. 260.6(10). On July 3, 1996, the respondent appeared as counsel at a pretrial conference for a client in a criminal matter. The respondent did not advise the court or the prosecutor that he had been suspended until he went before the judge. The case was then continued, and the client retained another lawyer.

On July 5, 1996, the respondent telephoned the office of continuing education to determine whether he had been reinstated and he was told that his petition to reinstate had not been received. The appropriate petition was received by the CLE office on July 12, 1996.

In the meantime, the respondent appeared in county court on behalf of a client charged with driving under the influence. The respondent advised the judge that he could not proceed to trial because of his administrative suspension. He then went to speak with the prosecutor, and he requested a plea bargain for a non-alcohol offense and was told that was out of the question. The respondent suggested other possible resolutions which the prosecutor declined. The respondent did not tell the prosecutor that he had been suspended until the prosecutor informed him that his client's case was the first up for trial. The respondent then told the prosecutor that he was under suspension and could not go to trial. The case was continued after the client appeared in front of the court *pro se.*

■ The respondent's reinstatement petition, which was received by the CLE office on July 12, reflects that June 30, 1996, was the respondent's last date of study for his final CLE course. The respondent was reinstated on July 15, 1996. As he has admitted, his failure to notify his clients and opposing counsel by certified mail of his suspension violated C.R.C.P. 241.21(b) and (c); and his failure to file the mandatory affidavit with this court violated C.R.C.P. 241.21(d). By appearing in court without notifying his clients and opposing counsel of his suspension, and failing to withdraw or obtain substitute counsel, the respondent violated Colo. RPC 1.3 (neglecting a legal matter), and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice).

### II.

■ The parties have agreed that either a public or private censure is appropriate. In approving the conditional admission, the in-

quiry panel recommended a private censure. We believe that the nature of the misconduct forecloses private discipline, however.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating factors, "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22. The potential for harm or the potential for interference with the proceedings in which the respondent appeared was a possibility even though actual harm to any of his clients was not shown. "Disbarment would be appropriate had such actual harm been shown." *People v. Kargol,* 854 P.2d 1267, 1269 (Colo.1993).

We suspended Kargol for one year and one day for appearing as counsel of record in at least thirteen court proceedings in Boulder County District Court, Boulder County Court, and Adams County District Court after being suspended for failing to satisfy mandatory CLE requirements. *Id.* at 1268. As in this case, no actual harm was demonstrated to any of the affected clients. *Id.* at 1269. Also like this respondent, Kargol had prior discipline in the form of a private censure. *Id.* The respondent in this case received a letter of admonition in 1970 and a private censure in 1996. Prior discipline is an aggravating factor for purposes of analyzing the appropriate level of discipline. *See* ABA *Standards* 9.22(a). In mitigation, the respondent has cooperated in these proceedings, *see id.* at 9.32(e); has expressed re-

morse for his conduct, *see id.* at 9.32(*l* ); and the 1970 admonition was a long time ago, *see id.* at 9.32(m).

The major difference between this case and *Kargol* is that the respondent did not go forward and represent his clients at the court proceedings, but informed the court of his suspension at an early stage. Another factor advanced by the complainant in favor of a public censure rather than more serious discipline is the respondent's representation that he would retire by June 30, 1997.

Considering the misconduct in light of the mitigating factors, we agree that a public censure is an adequate sanction. Accordingly, we accept the conditional admission, but modify the panel's recommendation to a public censure.

### III.

James Robert Dover is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $45.00 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

SCOTT, J., does not participate.