**The PEOPLE of the State of Colorado, Complainant,**

v.

**John Delos ZIMMERMANN, Attorney–Respondent.**

**No. 98SA113.**

Supreme Court of Colorado, En Banc.

May 26, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

John Delos Zimmermann, Pro Se Denver.

**PER CURIAM.**

The assistant disciplinary counsel and the respondent in this lawyer discipline case executed a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. In the conditional admission, the respondent consented to a three-year suspension or disbarment. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be disbarred. We accept the conditional admission and order that the respondent be disbarred.

**I**

The respondent was admitted to practice law in Colorado in 1971. On May 20, 1996,

he was suspended from the practice of law for one year and one day, effective June 19, 1996. *See People v. Zimmermann*, 922 P.2d 325, 330 (Colo.1996). He has not been reinstated from that suspension. The conditional admission provides as follows.

### A

In late February 1996, Joy A. Cook and Rebecca Cook–Slagle asked the respondent to represent Cook–Slagle regarding a paternity, child custody, and visitation matter involving her three-year-old daughter. Since 1994, the girl had been in the sole custody of her alleged father. In February 1996, the child had ingested a large amount of pills and almost died because of lack of medical attention. This incident prompted Cook and Cook–Slagle to seek a change in the child's custody. They paid the respondent a $3,500 advance fee. In March 1996, the respondent drafted a motion to modify custody and Cook–Slagle signed and executed the supporting affidavit. The respondent filed the motion to change custody on or about April 15, 1996. The respondent's efforts to serve the alleged father personally were unsuccessful. Nevertheless, the respondent obtained a hearing date of June 20, 1996, but he failed to serve either the alleged father or his lawyer with a notice to set hearing.

As mentioned above, the respondent was suspended for a year and a day on May 20, 1996, effective June 19, 1996. *See Zimmermann*, 922 P.2d at 330. Three days before the hearing, the respondent notified Cook and Cook–Slagle of his suspension, but indicated that he had obtained another lawyer to fill in for him.

The father's lawyer filed a motion to vacate the hearing because of the lack of adequate service and the respondent's suspension. The district court granted the motion to vacate without waiting for a response from the respondent. Cook, Cook–Slagle, and their witnesses assembled in the respondent's office on June 20, at which time he told them the hearing had been vacated. Cook and Cook–Slagle met the lawyer who was to substitute for the respondent and they paid the new lawyer an advance fee of $1,500.

The respondent told Cook and Cook–Slagle that there was probably about $1,000 left from the $3,500 advance fee that he had been paid, and that he would forward that to the new lawyer. He did send the lawyer $600 that he had set aside in his trust account. The respondent's final accounting indicated that he had incurred charges of $2,601, leaving a $900 balance due to his clients. He therefore sent an additional $300 to the new lawyer in August 1996.

The respondent has stipulated that his conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.16(d) (failing to take adequate steps to protect a client's interest upon termination of representation); Colo. RPC 1.15(a) (failing to keep client funds separate from the lawyer's own funds); and Colo. RPC 1.5(a) (charging and collecting an excessive fee since the clients obtained no benefit from the respondent's work on the case). The respondent has agreed to make full restitution of the $3,500 plus interest prior to reinstatement or readmission.

### B

The respondent represented Mark Morahan in his dissolution of marriage proceedings in 1993. Morahan was awarded sole custody of his son. On or about May 20, 1996, the same day the order suspending the respondent was entered, Morahan's parents filed a motion in Arapahoe County District Court for grandparent visitation. After receiving a copy of the motion, Morahan spoke to the respondent in late May to discuss the legal options. He paid the respondent $250 for a few hours of legal research and later retained him to defend against the motion. Morahan paid the respondent an additional $1,000 about two weeks after the initial payment and therefore after the entry of the suspension order. The respondent filed a response to the motion on June 14, 1996.

In July 1996, the grandparents' lawyer communicated with the respondent a number of times about setting up mediation. At no time did the respondent notify the other lawyer, his own client, or the court that he had been suspended. However, in August, the grandparents' lawyer read about the respondent's suspension in the Colorado Law-

yer and she called him to verify the suspension. Morahan is unsure when he first learned of the respondent's suspension but believes that his parents' lawyer, not the respondent, told him about it.

In January 1997, a new lawyer entered his appearance on behalf of Morahan in the visitation case, and Morahan paid him a new advance fee of $1,000. Morahan eventually prevailed on the visitation motion.

The respondent admitted that he failed to comply with the requirements of C.R.C.P. 241.21(a) when he accepted a fee to represent Morahan after the order of suspension was entered; he failed to notify his client of the suspension by certified mail, thereby violating C.R.C.P. 241.21(b); and he did not inform opposing counsel of his suspension as required by C.R.C.P. 241.21(c). Because he did not comply with C.R.C.P. 241.21, he also violated C.R.C.P. 241.6(2) (committing an act or omission violating the rules or standards of legal ethics), and C.R.C.P. 241.6(6) (violating a disciplinary order).

In addition, the respondent's conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to keep a client reasonably informed about a matter); Colo. RPC 1.5(a) (charging and collecting an illegal fee because the order of suspension had already been entered); Colo. RPC 5.5(a) (practicing law in violation of the rules of the legal profession); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice). As in the previous matter, the respondent has agreed to make full restitution to Morahan in the amount of $1,250 plus interest, as a condition of reinstatement or readmission.

## C

On June 6, 1996, Linda Blitstein and her son, Todd, met the respondent with respect to an ex parte temporary restraining order pertaining to Blitstein's infant grandchild. The child's mother had obtained the T.R.O. against the infant's father, Blitstein's son. They retained the respondent to prosecute a guardianship claim on their behalf and paid

him $1,500. On June 18, 1996, the day before the effective date of his suspension, the respondent filed guardianship papers with the Arapahoe County Probate Court. The respondent obtained service on the infant's mother who then lived in Texas. The mother did not appear at the hearing to make the T.R.O. permanent, and the proceeding was dismissed.

After not hearing from him for several weeks, Blitstein called the respondent in August to check on the guardianship matter. The respondent only then told her that he had been suspended. He also indicated that he had spent 9.1 hours on the case, exhausting their $1,500 advance fee.

In November 1996, after the mother had taken her infant to Texas, Blitstein and her son hired another lawyer to handle the custody matters and paid him a $2,500 advance fee. Custody issues are pending in Arapahoe County District Court.

The respondent's conduct again violated C.R.C.P. 241.21(a)-(c), and thus C.R.C.P. 241.6(2) and (6). He has stipulated that he also violated Colo. RPC 1.3 (neglect); Colo. RPC 1.4(a) (failing to communicate with a client); Colo. RPC 1.5(a) (charging and collecting an illegal fee); Colo. RPC 5.5(a) (practicing law in violation of the rules of the legal profession); Colo. RPC 8.4(c) (conduct involving dishonesty); and Colo. RPC 8.4(d) (conduct prejudicial to the administration of justice). The respondent has agreed to reimburse the Blitsteins in the amount of $1,500 plus interest prior to reinstatement or readmission.

## II

The conditional admission recommended that the respondent be suspended for three years or be disbarred. The inquiry panel recommended disbarment. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when a lawyer:

(a) intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential

injury to a client, the public, the legal system, or the profession. . . .

ABA *Standards* 8.1(a). In this case, the respondent accepted advance fees in the Morahan and Blitstein matters after the order of suspension had been entered against him, in violation of C.R.C.P. 241.21(a), even though it was obvious that he could not represent those clients because of his impending suspension. His clients sustained actual harm because they received little or no benefit from the fees they paid to him and then they had had to turn around and pay other lawyers additional fees for the legal services they had paid the respondent to perform. In the Morahan and Blitstein cases he took no steps to notify his clients, the other parties, or the courts that he had been suspended, contrary to C.R.C.P. 241.21(b)-(c).

In *People v. Swan,* 938 P.2d 1164 (Colo. 1997), we disbarred a lawyer who, like the respondent, had been suspended from the practice of law for one year and one day and who then failed to notify his client, opposing counsel, or the court of his suspension, and effectively abandoned the client by neglecting the case. *See id.* at 1165–66.

The respondent's prior discipline is an aggravating factor for our present purposes. *See* ABA *Standards* 9.22(a). He received letters of admonition in 1984, 1990, and 1995. The respondent was suspended for a year and a day in 1996 for mismanaging his client trust account and commingling funds that should have been deposited in either his trust or his operating account. *See Zimmermann,* 922 P.2d at 329–30. Following the order of suspension, we publicly censured him for violating the rule prohibiting requesting a person or organization to recommend or promote use of a lawyer's services. *See People v. Zimmermann,* 938 P.2d 131, 132–33 (Colo. 1997).

In his statement in mitigation, the respondent asserts that a three-year suspension is adequate, and he cites *People v. Kargol,* 854 P.2d 1267 (Colo.1993) (suspension for one year and one day), and *People v. Dover,* 944 P.2d 80 (Colo.1997) (public censure). Unlike the present case, both *Kargol* and *Dover* involved administrative orders of suspension for failure to satisfy C.L.E. requirements, rather than a disciplinary order of suspension. *See Kargol,* 854 P.2d at 1268; *Dover,* 944 P.2d at 81. In addition, the respondent in this case caused actual harm to his clients. As we noted in *People v. Redman,* 902 P.2d 839, 840 (Colo.1995):

> In previous cases, we have found disbarment warranted when a lawyer practices law while suspended or otherwise violates an order of suspension and causes harm to a client. *Compare People v. Wilson,* 832 P.2d 943, 945 (Colo.1992) (continuing to practice law while under order of suspension with no efforts to wind up practice and failing to take action to protect clients' legal interests warrants disbarment) *and People v. James,* 731 P.2d 698, 700 (Colo. 1987) (same) *with People v. Clark,* 900 P.2d 129 (Colo.1995) (lawyer suspended for one year and one day for practicing law while under administrative suspension where no actual harm to clients were shown) *and People v. Ross,* 873 P.2d 728, 729 (Colo. 1994) (lawyer suspended for three years for failure to file affidavit of compliance with order of suspension where conduct did not harm client).

Although the lawyer in *Kargol* was suspended rather than disbarred, we said, "Disbarment would be appropriate had such actual harm been shown." *Kargol,* 854 P.2d at 1269.

We therefore conclude that under these circumstances disbarment is appropriate. Accordingly, we accept the conditional admission and the inquiry panel's recommendations.

## III

It is hereby ordered that John Delos Zimmermann be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. As a condition for readmission, Zimmermann must demonstrate by clear and convincing evidence that he has made the following restitution:

(1) to Rebecca Cook–Slagle in the amount of $3,500 plus interest at the statutory rate from May 20, 1996, until paid;

(2) to Mark Morahan in the amount of $1,250 plus interest at the statutory rate from May 20, 1996, until paid; and

(3) to Linda and Todd Blitstein in the amount of $1,500 plus interest at the statutory rate from May 20, 1996, until paid.

It is further ordered that Zimmermann pay the costs of this proceeding in the amount of $51.19 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.