The PEOPLE of the State of Colorado, Complainant

v.

Daniel Sean DUGGAN, Respondent.

Nos. 11PDJ060, 12PDJ001.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 5, 2012.

Attorney Regulation. The Presiding Disciplinary Judge suspended Daniel Sean Duggan (Attorney Registration Number 17790) for eighteen months, effective August 9, 2012. Duggan failed to pay a vendor fees for services rendered, failed to respond to requests for information from the Office of Attorney Regulation Counsel, practiced law while suspended, failed to notify his clients and opposing counsel of his suspension, failed to file an affidavit concerning his efforts to wind up his practice, and neglected to pay court-ordered costs. Duggan's misconduct constitutes grounds for the imposition of discipline pursuant to C.R.C.P. 251.5 and violated Colo. RPC 3.4(c), 8.1(b), and 8.4(d).

On April 30, 2012, William R. Lucero, the Presiding Disciplinary Judge ("the Court"), held a C.R.C.P. 251.15(b) sanctions hearing. Elizabeth Espinosa Krupa appeared on behalf of the Office of Attorney Regulation Counsel ("the People"), and Daniel Sean Duggan ("Respondent") failed to appear. The Court now issues the following "Opinion and Decision Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## OPINION AND DECISION IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. *SUMMARY*

Respondent violated Colo. RPC 3.4(c), 8.1(b), and 8.4(d) by failing to pay a vendor fees for services rendered, failing to respond to requests for information from the People, practicing law while suspended, failing to notify his clients and opposing counsel of his suspension, failing to file an affidavit concerning his efforts to wind up his practice, and failing to pay court-ordered costs. Considering the nature of Respondent's misconduct and its consequences, the Court finds the appropriate sanction is suspension for eighteen months.

### II. *PROCEDURAL HISTORY*

The People filed a complaint in case number 11 PDJ060 on July 27, 2011, setting forth two claims for relief based on alleged violations of Colo. RPC 8.1(b) and 8.4(d). Respondent failed to answer the complaint, and the Court granted a motion for default on December 15, 2011. On January 3, 2012, the People filed a second complaint in case number 12PDJ001, this time alleging violations of Colo. RPC 3.4(c) and 8.4(d). When Respondent did not answer the complaint, the Court granted a motion for default on April 13, 2012. Upon the entry of default, the Court deems all facts set forth in both complaints admitted and all rule violations established by clear and convincing evidence.[1]

A sanctions hearing pursuant to C.R.C.P. 251.15(b) was originally set in case number 11PDJ060 for March 1, 2012. That day, Ms. Krupa appeared on behalf of the People, and Respondent failed to appear. The Court continued the sanctions hearing to April 30, 2012, upon notice that the People intended to file a motion for default against Respondent in case number 12PDJ001 and in anticipation of the People filing a motion to consolidate the two cases.

On March 9, 2012, the People filed a motion to consolidate, and on April 13, 2012, the Court granted the motion, affirming in that order that the consolidated matter remained set for a sanctions hearing on April 30, 2012.

At the sanctions hearing on April 30, 2012, the People did not seek to introduce any testimony or exhibits into evidence.

### III. *ESTABLISHED FACTS AND RULE VIOLATIONS*

The Court hereby adopts and incorporates by reference the factual background of this case as fully detailed in the admitted complaint.[2] Respondent took the oath of admission and was admitted to the bar of the Colorado Supreme Court on October 27, 1988, under attorney registration number 17790.[3] He is thus subject to the jurisdiction of the Court in these disciplinary proceedings.[4]

#### Case Number 11PDJ060

In September 2009, Respondent entered into a written agreement with Kathryn Miller ("Miller") to mediate on behalf of his client, Cynthia Felkins. Mediation was held on September 10, 2009, and as a result, Respondent owed Miller $1093.00 in fees, pursuant to their agreement.

On September 14, 2009, Miller sent Respondent an initial invoice for the fees owed. Respondent failed to make payment. Miller sent follow-up invoices on October 27, 2009; April 12, 2010; May 11, 2010; and June 24,

---

1. *See* C.R.C.P. 251.15(b); *People v. Richards*, 748 P.2d 341, 346 (Colo.1987).

2. *See* the People's complaint for further detailed findings of fact.

3. Respondent's registered business address is 5310 Ward Road, Suite 102, Supreme Offices II, Arvada, Colorado 80002.

4. *See* C.R.C.P. 251.1(b).

2010. She also emailed Respondent to request payment on November 11, 2009; December 10, 2009; and February 11, 2010. Further, Miller spoke with Respondent via telephone on February 25, 2010, and Respondent stated that he would pay the fee. However, as of the hearing on April 30, 2012, Respondent had not paid Miller the fee of $1093.00 for her services.

Additionally, Respondent failed to respond to multiple letters and telephone calls from the People regarding this issue. The information requested by the People was not protected by Colo. RPC 1.6, and Respondent made no good-faith challenge to the People's demand for information; accordingly, Respondent should have responded.

 Respondent's failure to pay Miller despite repeated written and oral requests for payment violated Colo. RPC 8.4(d), which provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. Further, Respondent's failure to respond to numerous requests for information from the People violated Colo. RPC 8.1(b), which states that in connection with a disciplinary matter, a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority.

### Case Number 12PDJ001

On August 24, 2010, in case number 10PDJ023, the Court entered an order suspending Respondent from the practice of law for one year and one day, effective October 1, 2010. All but thirty days were stayed upon the successful completion of a two-year period of probation, subject to certain conditions agreed upon by the parties and approved by the Court in its "Order Approving Conditional Admission of Misconduct and Imposing Sanctions Pursuant to C.R.C.P. 251.22."

C.R.C.P. 251.29(b) (2011) provides that an attorney suspended for a period of one year

or less, as here, shall be reinstated provided the attorney files an affidavit with the People within thirty days prior to the expiration of the period of suspension, certifying that the attorney has fully complied with the order of suspension. But as of January 3, 2012, Respondent had failed to file such an affidavit. Accordingly, Respondent was never reinstated to the practice of law. Respondent also violated the Court's order by failing to pay costs of $91.00 within thirty days of the order.

Despite not having secured reinstatement of his license, Respondent remained counsel of record in one case and entered his appearance as attorney of record in another case. Additionally, Respondent failed to wind up pending matters and notify clients and opposing counsel in pending matters of his suspension.[5]

In *Gallup Craig Construction and Restoration, Inc. v. Monroe Place, LLC.*, Denver District Court case number 2008CV8409, Respondent was the attorney of record for defendant Monroe Place, having entered his appearance in 2008. Respondent was served with a notice of trial, filed on January 20, 2011–several months after Respondent's suspension took effect on October 1, 2010. However, Respondent neither notified opposing counsel of his suspension nor withdrew from the representation once he was suspended. The Monroe Place case was dismissed on September 20, 2011, based on a settlement between the plaintiff and another defendant. The order of dismissal states that Monroe Place had not participated actively in litigation due to the death of its principal and because counsel for Monroe Place was suspended.

Respondent also was attorney of record for the defendant in *People v. James Dustin Jorgenson*, Douglas County Court case number 2009T4078. Respondent entered his ap-

---

5. C.R.C.P. 251.28 (2011) requires an attorney who has been suspended to (a) wind up or complete any pending legal matters, (b) notify each client in a pending matter of the order against the attorney and the attorney's consequent inability to practice law after the effective date of the order, (c) notify opposing counsel of the order entered against the attorney and the attor-

ney's consequent inability to practice law after the effective date of the order, and (d) file an affidavit with the Colorado Supreme Court or Hearing Board within ten days of the order of suspension, listing all pending matters in which the attorney served as counsel and showing that the attorney has fully complied with the provisions of the order and C.R.C.P. 251.28.

pearance in that case on January 26, 2011, several months after his suspension from the practice of law. On April 4, 2011, the matter was resolved by plea agreement.

On February 15, 2011, the People mailed a letter to Respondent, notifying him that a request for investigation into these matters had been filed. Pursuant to C.R.C.P. 251.10(a), Respondent was required to file a written response, yet he did not do so.

On March 8, 2011, the People mailed Respondent another letter notifying him that he had not responded to the February 2011 letter, as required under C.R.C.P. 251.10(a), and advising him that he had ten days to file a written response. Respondent again failed to respond to either letter.

In this matter, Respondent violated two Rules of Professional Conduct. Through his failure to wind up the pending Monroe Place case, to notify opposing counsel in that case of the order of suspension, and to provide the affidavit required by C.R.C.P. 251.28 (2011), Respondent violated Colo. RPC 3.4(c), which prohibits an attorney from knowingly disobeying an obligation under the rules of a tribunal. Respondent also violated this rule by remaining counsel of record in the Monroe Place case and entering his appearance in the Jorgenson case after he was suspended from the practice of law. Additionally, he violated this rule by failing to pay the court-ordered costs of $91.00 within thirty days of the order of suspension.

Further, Respondent violated Colo. RPC 8.4(d), which provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. Respondent violated this rule by failing to comply with the Court's order suspending him from the practice of law by remaining counsel of record in the Monroe Place case and entering his appearance in the Jorgenson case after his suspension.

6. *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

7. "Knowledge" is defined as the "conscious awareness of the nature or attendant circum-

## IV. SANCTIONS

The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct.[6] In imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state, the actual or potential injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

*Duty:* In the Miller matter, Respondent violated the duty he owed to the legal system to follow the law by failing to pay his debt to Miller. Respondent also violated his duty to the legal profession when he failed to respond to a lawful demand for information from the People during their investigation.

In the second matter, Respondent violated his duty to his clients, the legal system, and the legal profession by failing to notify his clients and opposing counsel of his suspension from the practice of law, by failing to provide an affidavit demonstrating his compliance with C.R.C.P. 251.28 (2011), and by continuing to practice law while suspended. Respondent also violated his duty to the legal system by failing to obey the Court's order of suspension.

*Mental State:* Respondent knowingly[7] failed to pay Miller after repeated requests to do so. In addition, Respondent knowingly failed to respond to numerous demands for information from the People.

The complaint in the second matter, as adopted by the order of default, explicitly establishes that Respondent knew or should have known of his obligations under C.R.C.P. 251.28 (2011) and that he knowingly violated such obligations by failing to notify his clients and opposing counsel of his suspen-

stances of the conduct, but without the conscious objective or purpose to accomplish a particular result." ABA *Standards, Definitions.*

sion from the practice of law and by failing to provide an affidavit demonstrating his compliance with C.R.C.P. 251.28 (2011). The complaint also explicitly establishes that Respondent knowingly disobeyed the order of suspension by continuing to represent clients and by failing to pay fees.

*Injury:* Respondent caused actual injury to the legal profession in the Miller matter by failing to respond to a lawful demand for information from a disciplinary authority in connection with a disciplinary matter, thereby delaying the ultimate resolution of the investigation and impeding the effective and efficient regulation of attorneys.

When Respondent failed to notify his clients that his law license had been suspended and to wind up his practice, he deprived his clients of the ability to seek representation by a licensed attorney, thereby causing potential injury to both clients. Additionally, Respondent's failure to obey a court order and his continued practice of law during his suspension caused actual injury to the legal profession by undermining the Court's authority.

### ABA *Standard* 9.0—Aggravating and Mitigating Factors

Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.[8] Mitigating circumstances are any considerations or factors that may justify a reduction in the severity of the sanction to be imposed.[9] The Court considers evidence regarding the following aggravating circumstances in deciding the appropriate sanction. Because Respondent did not appear at the hearing or otherwise participate in these proceedings, the Court is unaware of any mitigating factors.

*Prior Disciplinary Offenses—9.22(a):* In case number 10PDJ023, Respondent was suspended from the practice of law for one year and one day, all but thirty days stayed upon the successful completion of a two-year probation period, effective October 1, 2010, for violations of Colo. RPC 1.3 and 1.4. In case

number 08PDJ103, Respondent was suspended for sixty days, all stayed upon successful completion of a two-year probation period, effective April 27, 2009, for violations of Colo. RPC 1.3, 1.4, 1.5(b), 1.15(a), 1.15(g)(8)(2007), and 1.15(j)(8)(2008).

*Dishonest or Selfish Motive—9.22(b):* Respondent acted with a dishonest and selfish motive when he failed to pay Miller for services rendered and when he failed to notify his clients and opposing counsel of his suspension and then continued to practice law.

*Multiple Offenses—9.22(d):* By the Court's orders of default, Respondent was found to have engaged in multiple acts of misconduct by failing to pay for services rendered to him, not responding to a lawful demand for information from the People, failing to notify his clients and opposing counsel of his suspension, neglecting to submit an affidavit as required of him under C.R.C.P. 251.28 (2011), refusing to abide by a court order, and continuing to practice law while suspended.

*Substantial Experience in the Practice of Law—9.22(i):* Respondent has been licensed to practice law in Colorado since 1988, so the Court considers him to be an experienced attorney.

*Indifference to Making Restitution—9.22(j):* Despite repeated requests for payment from Miller, Respondent has made no attempt to make restitution in that matter.

### Sanctions Analysis Under ABA *Standards* and Case Law

ABA *Standard* 7.2 states that suspension is appropriate when a lawyer knowingly engages in conduct that violates a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system. Likewise, ABA *Standard* 6.22 recommends suspension when a lawyer knows that he or she is violating a court order or rule, thereby causing injury or potential injury to a client or third party, or interference or potential interference with a legal proceeding. Finally, ABA *Standard* 8.1(a) calls for disbarment when a lawyer intentionally

---

8. *See* ABA *Standard* 9.21.

9. *See* ABA *Standard* 9.31.

or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession.

The ABA *Standards* provide that when determining the length of a suspension where there are a number of charges of misconduct, "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations; it might well be and generally should be greater than the sanction for the most serious misconduct." [10]

Colorado Supreme Court case law applying the ABA *Standards* supports the imposition of a suspension in this matter. Though the Colorado Supreme Court has found that the imposition of disbarment is appropriate in some cases where a lawyer has continued to practice law while subject to a disciplinary order of suspension,[11] it has also held that suspension is warranted where a suspended lawyer continues to practice law but causes no actual harm to a client,[12] which is the circumstance here. In *Kargol*, an administratively suspended attorney continued to practice law, appearing as counsel of record in at least thirteen different court proceedings.[13] Additionally, the attorney made misrepresentations to an investigator employed by the People.[14] Even after the investigator told the attorney that his license to practice law was still suspended, the attorney entered appearances in at least four more court proceedings, despite not having completed the

requirements to gain reinstatement.[15] The court noted that though disbarment would be appropriate had clients actually suffered injury, no clients had been harmed.[16] Further, the court took into account several mitigating factors.[17] Consequently, the court accepted the hearing board's recommended discipline of a suspension for one year and one day, rather than disbarment.[18]

Similarly, in *Ross*, an attorney under disciplinary suspension for ninety days continued to practice law during that time, entering an appearance in a criminal case, filing a motion, appearing at a motions hearing, and trying a case.[19] The attorney also failed to file affidavits required of attorneys suspended in Colorado.[20] In addition, the attorney failed to respond to requests for information from the People.[21] The court drew a distinction between previous cases in which disbarment had been appropriate for a lawyer who practiced law while suspended, causing harm to a client, and the immediate case where the hearing board found that no clients had been harmed.[22] Accordingly, the court followed the recommendation of the hearing board and imposed a three-year suspension, rather than disbarment.[23]

Though the Court has found no Colorado cases assigning discipline solely on the basis of failure to pay a third party or failure to cooperate in an investigation, other courts have addressed these circumstances. For failure to cooperate in an investigation, other states have imposed discipline ranging from

10. *See* ABA *Standards* § 2 at 7.

11. *See, e.g., People v. Zimmermann,* 960 P.2d 85, 88 (Colo.1998); *People v. Wilson,* 832 P.2d 943, 945 (Colo.1992); *People v. James,* 731 P.2d 698, 700 (Colo.1987).

12. *See, e.g., People v. Johnson,* 946 P.2d 469, 472 (Colo.1997) (eighteen-month suspension); *People v. Carpenter,* 922 P.2d 939, 941 (Colo.1996) (three-year suspension); *People v. Clark,* 900 P.2d 129, 130 (Colo.1995) (one-year-and-one-day suspension); *People v. Ross,* 873 P.2d 728, 730 (Colo.1994) (three-year suspension); *People v. Kargol,* 854 P.2d 1267, 1269 (Colo.1993) (one-year-and-one-day suspension).

13. 854 P.2d at 1268.

14. *Id.*

15. *Id.*

16. *Id.* at 1269.

17. *Id.*

18. *Id.*

19. 873 P.2d at 729–30.

20. *Id.* at 729.

21. *Id.* at 730.

22. *Id.*

23. *Id.*

public reprimand to indefinite suspension.[24] When an attorney has not paid a third party for services rendered in relation to his law practice, discipline in other states has ranged from public reprimand to a short suspension.[25]

 Here, Respondent continued to practice law while suspended, but as in *Kargol* and *Ross,* no clients were actually harmed. In this case, however, Respondent's entry of appearance and failure to withdraw from two cases was less egregious than the actions of the attorney in *Ross,* who represented his client in court—for a motions hearing and a trial—while on suspension. On the other side of the ledger, no factors mitigate Respondent's conduct, unlike in *Kargol.* Further, the Court is concerned that Respondent has not participated in any phase of the disciplinary proceedings and takes into account the several aggravating factors present. Accordingly, the Court accepts the People's recommendation of suspension for eighteen months.

## V. CONCLUSION

Respondent's disregard of the rules regulating the practice of law in Colorado resulted in potential harm to his clients and actual harm to the legal profession. Respondent ignored his professional duties by refusing to comply with rules governing attorney suspension and failing to attend the disciplinary hearing. In light of the absence of any harm to Respondent's clients, the several applicable aggravating factors, and the absence of any mitigating factors, the Court concludes

Respondent should be suspended for eighteen months.

## VI. ORDER

The Court therefore ORDERS:

1. Daniel Sean Duggan, attorney registration number 17790, is hereby **SUSPENDED FOR 18 MONTHS.** The suspension **SHALL** become effective upon issuance of an "Order and Notice of Suspension" by the Court and in the absence of a stay pending appeal pursuant to C.R.C.P. 251.27(h).[26]

2. Respondent **SHALL** file any post-hearing motions or application for stay pending appeal with the Court **on or before Thursday, July 26, 2012.** No extensions of time will be granted. If Respondent files a post-hearing motion or an application for stay pending appeal, the People **SHALL** file any response thereto within seven days, unless otherwise ordered by the Court.

3. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** submit a "Statement of Costs" within **14 days** from the date of this order. Respondent's response to the People's statement, if any, must be filed no later than seven days thereafter.

4. Respondent **SHALL** pay restitution to Kathryn Miller in the amount of $1093.00, plus interest of 1.5%.[27] The People **SHALL** submit a "Statement of Restitution" within **14 days** from the date of this order. Respondent's response to the People's statement, if

---

24. *See, e.g., In re Disciplinary Action Against Stanbury,* 614 N.W.2d 209, 214 (Minn.2000) (imposing a public reprimand and two years unsupervised probation); *In re Disciplinary Action Against Engel,* 538 N.W.2d 906, 907 (Minn.1995) (imposing indefinite suspension).

25. *See, e.g., In re Fulton,* 343 S.C. 506, 541 S.E.2d 531, 532–33 (2001) (imposing public reprimand); *In re Disciplinary Action of McCune,* 717 P.2d 701, 703–04 (Utah 1986) (imposing thirty-day suspension in case where the attorney was found to have violated a different rule from that at issue here, but where the underlying conduct was the same).

26. In general, an order and notice of sanction will issue thirty-one days after a decision is en-

tered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-one days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.

27. The interest rate of 1.5% was agreed upon by Respondent and Miller in their contract for her services. Colorado case law supports ordering a payment of interest in addition to restitution when a lawyer has violated the Colorado Rules of Professional Conduct. *See People v. Fager,* 938 P.2d 138, 141–42 (Colo.1997); *Johnson,* 946 P.2d at 473; *People v. Jamrozek,* 921 P.2d 725, 728 (Colo.1996).

any, must be filed no later than seven days thereafter.