24338

In the Matter of Eugene C. FULTON, Jr., Respondent.

(463 S.E. (2d) 319)

Supreme Court

*Attorney General Charles Molony Condon* and *Senior Assistant Attorney General James G. Bogle, Jr.,* Columbia, *for complainant.*

*Eugene C. Fulton, Jr.,* Columbia, *pro se.*

Submitted Sept. 25, 1995.

Decided Oct. 30, 1995.

*Per Curiam:*

In this attorney grievance matter, respondent conditionally admits, with one exception, the allegations in the complaint filed against him and consents to a public reprimand. We accept respondent's conditional admission and publicly reprimand him.

In March 1993, Delores Lovely paid respondent $1,000 to represent her in a bankruptcy proceeding. Respondent determined a Chapter 13 reorganization plan would be appropriate. Respondent wrote Ms. Lovely, stating her plan had been filed and that the confirmation hearing would be held on or about July 15, 1993. Respondent, or someone on his behalf, signed Ms. Lovely's name to her bankruptcy plan, despite the fact that the form required the debtor to sign the form under penalty of perjury.

Respondent did not notify Ms. Lovely that the Bankruptcy Court had scheduled a mandatory creditor's meeting on June 17, 1993. Respondent did not attend and did not send anyone on Ms. Lovely's behalf to this meeting. The Bankruptcy Court notified respondent that Ms. Lovely's action would be dismissed if he did not file a motion to reconsider. Respondent did not file a motion and the Trustee dismissed Ms. Lovely's bankruptcy action.

In September 1993, respondent filed a second bankruptcy plan for Ms. Lovely at no cost to her. Again respondent, or someone on his behalf, signed Ms. Lovely's name to her bankruptcy form. Ms. Lovely and respondent attended the credi-

tors' meeting, but respondent left before the meeting began. Respondent did not make any arrangements for another attorney to appear on Ms. Lovely's behalf. At the hearing, the Trustee objected to Ms. Lovely's reorganization plan. The Trustee served a motion to dismiss the bankruptcy filing on Ms. Lovely and respondent. Respondent stated he would handle the matter. Neither respondent nor Ms. Lovely attended the dismissal hearing and the Bankruptcy Court dismissed Ms. Lovely's second filing and imposed a 180-day bar from filing another bankruptcy petition.

During this time, Ms. Lovely continued to make payments in accordance with her original petition, but the Trustee returned these payments to her. After her second plan was dismissed, Ms. Lovely attempted to contact respondent at his law firm and learned he was no longer employed by the firm. Subsequently, Ms. Lovely's home was foreclosed upon by a bank.

Respondent filed a form entitled "Disclosure of Compensation of Attorney for Debtor" with the Bankruptcy Court certifying he had received $850 for his services. Respondent asserts $150 of the $1,000 he received from Ms. Lovely was for filing fees and costs.

By way of response, respondent asserts that his neglect of this matter was the result of several personal medical emergencies and was not intentional.

By his conduct, respondent has violated Rule 1.4 of the Rules of Professional Conduct contained in Rule 407, SCACR, by failing to keep a client informed about the status of a matter. Further, he has violated Rule 1.3 by neglecting legal matters entrusted to him. Finally, respondent has violated Rule 8.4 by having his client's name signed to documents without her permission.

Accordingly, we find respondent's conduct warrants a public reprimand, and we accept his conditional admission and publicly reprimand him.

Public reprimand.