541 S.E.2d 531

**In the Matter of Eugene Charles FULTON, Jr., Respondent.**

**No. 25232.**

Supreme Court of South Carolina.

Submitted Dec. 7, 2000.

Decided Jan. 16, 2001.

Henry B. Richardson, Jr., Deputy Disciplinary Counsel Susan M. Johnston, Debbie S. McKeown, Columbia, for the Office of Disciplinary Counsel.

Eugene C. Fulton, Jr., Columbia, respondent pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement and publicly reprimand respondent. The facts as admitted in the agreement are as follows.

### *Facts*

In 1996, respondent was retained to represent a client in a personal injury matter. A lawsuit was filed and the case went to trial in August 1998. The client's treating physician testified at respondent's request. The case was subsequently settled. On September 2, 1998, physician sent respondent an invoice for $750 for the court appearance. On September 14, 1998, respondent disbursed the settlement proceeds to the client but failed to pay physician's court appearance fee. Although physician contacted respondent on numerous occasions to secure payment, the court appearance fee was never paid.

In April 2000, physician's medical records supervisor filed a Complaint with the Commission on Lawyer Conduct. On April 25, 2000, Disciplinary Counsel notified respondent about the Complaint and requested a response. He did not reply. Disciplinary Counsel wrote respondent again on June 13, 2000, requesting a response to the Complaint. When respondent failed to respond, Disciplinary Counsel served him with a Notice of Full Investigation on August 1, 2000. Respondent failed to submit a response to the Notice of Full Investigation

and was ultimately served with a subpoena pursuant to Rule 19(c)(4), RLDE, requiring him to appear on October 26, 2000, to respond to questions under oath concerning the Complaint. Respondent appeared but failed to provide the client file and trust account records to Disciplinary Counsel as required by the subpoena. Respondent finally submitted the documents after a second request.

### Law

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (reasonable diligence and promptness in representing clients); Rule 1.15 (upon receiving funds in which a third person has an interest, a lawyer shall promptly notify the third person); Rule 4.4 (respect for the rights of third persons); Rule 8.1 (knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(e) (engaging in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating or attempting to violate the Rules of Professional Conduct); Rule 7(a)(3) (willfully failing to comply with a subpoena issued under these rules, or knowingly failing to respond to a lawful demand from a disciplinary authority to include a request for a response under Rule 19); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bringing the legal profession into disrepute, and engaging in conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

### Conclusion

Since respondent cannot provide a reasonable explanation for his failure to satisfy physician's court appearance fee, his failure to respond to Disciplinary Counsel's inquiries or his failure to timely provide the subpoenaed documents to Disciplinary Counsel and since he has been previously sanctioned

for misconduct,[1] we accept the Agreement for Discipline by Consent and publicly reprimand respondent. Accordingly, respondent is hereby publicly reprimanded.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. Respondent received a Public Reprimand on October 30, 1995. *See In the Matter of Eugene C. Fulton, Jr.,* 320 S.C. 95, 463 S.E.2d 319 (1995).