747 S.E.2d 192

**In the Matter of Eugene Charles FULTON, Jr., Respondent.**

Appellate Case No. 2013–000873.

No. 27292.

Supreme Court of South Carolina.

Submitted June 18, 2013.

Decided Aug. 7, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Julie M. Thames, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Eugene Charles Fulton, Jr., of Columbia, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand. In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (Commission) within thirty (30) days of imposition of discipline and to complete the Legal Ethics and Practice Program Ethics School within nine (9) months of the imposition of discipline. We accept the Agreement and issue a public reprimand. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Within nine (9) months of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School. The facts, as set forth in the Agreement, are as follows.

### *Facts*

### *Matter I*

Complainant A is a member of a homeowners association in the Stonington subdivision in Blythewood, South Carolina. The homeowners association hired respondent in September 2009 to file a lawsuit against the developer. According to the homeowners association, the developer was not properly managing the development property and there was fear that a new developer would build substandard homes in the neighborhood.

Respondent obtained a temporary restraining order and a temporary injunction preventing the substandard homes. Respondent reached an agreement with the new developer and dismissed it from the lawsuit. The original lawsuit progressed but several of the homeowners dropped out, leaving only five

homeowners by June 29, 2010. At that time, the homeowners were aware that the developer did not have any money left and there was a large judgment against the developer. Respondent stated there was not much that could be done with the lawsuit once the developer ran out of money.

At the beginning of the representation, respondent met with his clients several times. Over time, his contact declined. There was little or no communication from respondent between July 2010 and March 2011.

The last billing supplied by respondent shows a credit to the homeowners in the amount of $714.87. Complainant A asked respondent about an additional $700, but did not receive a response.

Respondent was administratively suspended from the practice of law for failure to comply with continuing legal education requirements on April 1, 2010; he was reinstated on April 28, 2010. Respondent's billing statement for the Stonington subdivision includes billing fees for the following dates: April 14, 2010, April 15, 2010, April 16, 2010, April 20, 2010, and April 22, 2010. On each of these dates, respondent was suspended from the practice of law.

## Matter II

In June 2009 respondent was hired to represent homeowners of the Greens subdivision in a dispute with the developer. In June 2010, respondent met with the homeowners to give an update and to request additional money. The developer was unwilling or unable to meet the demands of the homeowners and respondent drafted a summons and complaint. A meeting was held to discuss the pros and cons of filing the lawsuit. The possibility of a new developer taking over the Greens development arose but did not come to fruition. Respondent admits that he waited quite a while to determine if this possibility would work out but it did not. The representative from the homeowners association asked for an update from respondent in October 2010 but did not receive a response until after the representative requested assistance from the South Carolina Bar in December 2010. Respondent then contacted the representative on one occasion, but subse-

quently failed to return several calls from one of his other clients.

Respondent was administratively suspended from the practice of law for failure to comply with continuing legal education requirements on April 2, 2009; he was reinstated on April 22, 2009. Although it appears respondent was not retained until June 2009, respondent's billing statement for the Green's Homeowner's Group shows billing for April 15, 2009, and April 16 through June 2009, during times he was suspended from the practice of law.

## Matter III

In 2009, respondent was hired by homeowners of the Courtyards of Arsenal Hill because the developer failed to complete the subdivision. The homeowners repeatedly asked respondent for an accounting of his work, for updates, and for documentation, but received little or no response to calls or emails. After the development company filed for bankruptcy, respondent attempted to get the common area deeded to the association and to get the road deeded to the county so that it could be paved. The association members were unhappy because they believed respondent was neither proceeding in their best interest nor keeping them informed of his efforts. In particular, the homeowners did not want the common area deeded to the association and felt respondent pursued this option without their approval. Although requested, respondent did not provide the association with a detailed accounting of how its money was spent.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall reasonably consult with client about the means by which client's objectives are to be accomplished; lawyer shall keep client reasonably informed about the status of the matter; and lawyer shall promptly comply with reasonable requests for information); and Rule 5.5 (lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

### *Conclusion*

We find respondent's misconduct warrants a public reprimand.[1] Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Within nine (9) months of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School and shall provide certification of completion to the Commission no later than ten (10) days after the conclusion of the program.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

1. Respondent has received two previous public reprimands, one of which involved the neglect of legal matters. *In the Matter of Fulton*, 343 S.C. 506, 541 S.E.2d 531 (2001); *In the Matter of Fulton*, 320 S.C. 95, 463 S.E.2d 319 (1995).