The PEOPLE of the State of Colorado, Complainant,

v.

Dennis D. COLE, Attorney–Respondent.

No. 94SA210.

Supreme Court of Colorado,
En Banc.

Sept. 12, 1994.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Dennis D. Cole, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee unanimously approved the hearing board's recommendation that Dennis D. Cole, the respondent[1] in this attorney disciplinary proceeding, be suspended from the practice of law for three years and be assessed the costs of the proceeding. Neither the respondent nor the assistant disciplinary counsel has excepted to this recommendation. We accept the panel's recommendation.

---

1. The respondent was admitted to the bar of this court on May 15, 1981, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

## I

The respondent did not answer the complaint filed by the assistant disciplinary counsel, and thus, the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Ross,* 873 P.2d 728, 729 (Colo.1994). Based on the respondent's default and the evidence presented at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

In February 1984, the respondent agreed to represent Rudolph A. Monkewich (Monkewich) in a civil suit against two of Monkewich's associates. The complaint was filed on May 17, 1984. Two years later, the clerk's office notified the parties that the case was going to be dismissed for lack of progress. Thereafter, the defendants filed an answer.

A pre-trial conference was held and a trial date was set for April 30, 1987. On April 1, 1987, the respondent moved for a continuance in order to take at least one, and possibly two, depositions. The court granted the motion without setting a new trial date. The respondent, however, did not take any depositions after his motion for continuance. Indeed, he took no depositions in the case.

On numerous occasions after the continuance, Monkewich wrote to the respondent seeking information regarding the status of his case and inquiring why his case had been continued in April. In response, the respondent sent a letter to Monkewich in which he wrote of his concern about the potential for success in the case, but failed to address the issues of why a continuance had been granted or why there had been so little action in the case.

In March 1988, the court again sent a notice to the parties that the case would be dismissed due to lack of progress. Thereafter, the respondent filed two motions—one asking the court to retain the case and the other requesting a trial date. The court granted the motions and set the trial for September 21, 1988.

**2.** *See People v. Cole,* 760 P.2d 1108 (Colo.1988).

Due to his handling of an unrelated matter, the respondent's license to practice law was suspended effective August 11, 1988.[2] The respondent wrote Monkewich informing him that his license had been suspended and filed a motion to withdraw from the case based upon his suspension. The trial date was continued due to the suspension. During this period, Monkewich was unable to obtain new counsel. The respondent wrote to Monkewich and offered to resume representing Monkewich after he was reinstated. Monkewich agreed.

The respondent's license was reinstated on June 9, 1989. Approximately two weeks later, he filed an entry of appearance on behalf of Monkewich and a motion to retain the case on the court's docket. Thereafter, he filed a notice to set. No trial date was set, and the notice to set was the last document filed by the respondent.

In November 1989, Monkewich discovered that the respondent had discontinued his law practice and moved to Florida. The respondent did not notify Monkewich of this decision prior to the move and did not file a motion to withdraw from the case. Monkewich's case was dismissed without prejudice on April 2, 1990.

The hearing board concluded that the respondent's conduct violated DR 2–110(A)(1) (a lawyer shall not withdraw from a pending case without first obtaining permission of the court); DR 2–110(A)(2) (a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of the client); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client). In addition, the hearing board concluded that each of the disciplinary rule violations also violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule).[3]

**3.** The hearing board also concluded that the respondent delayed in notifying Monkewich of his

## II

The hearing board recommended that the respondent be suspended for three years and be assessed the costs of the proceedings. The hearing panel approved this recommendation. We agree that such a sanction is appropriate.

Suspension generally is proper when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

American Bar Association's *Standards for Imposing Lawyer Sanctions* § 4.42 (1986) (ABA *Standards*); *see also People v. Raubolt,* 831 P.2d 462, 464 (Colo.1992). When the potential injury is serious, disbarment may be warranted. ABA *Standards* § 4.41. The hearing board made no finding that the injury to Monkewich was "serious." Thus, while the sanction of disbarment is not supported by the record, there is a pattern of neglect in this case which clearly warrants a period of suspension. The length of suspension depends upon the presence of aggravating and mitigating factors. *People v. Wechsler,* 854 P.2d 217, 222 (Colo.1993). Prior discipline constitutes an aggravating factor. *See* ABA *Standards* § 9.22(a). The respondent has a history of prior discipline, including letters of admonition in 1986 and 1990 and a nine month suspension in 1988. No evidence of any mitigating factors was presented and the hearing board found none. Based on the facts of this case and the respondent's history of prior discipline, we conclude that a three year suspension is warranted. Accordingly, we accept the recommendation of the hearing panel.

## III

It is ordered that Dennis D. Cole be suspended from the practice of law for three years, effective immediately upon the issuance of this opinion. *See* C.R.C.P. 241.-21(a). It is further ordered that Cole pay the costs of this proceeding in the amount of $646.80 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

suspension which violated C.R.C.P. 241.21(b) (a lawyer shall promptly notify each client whom he represents in a pending matter that an order of suspension has been entered against him). The board, however, determined that this was a minor violation as Monkewich agreed to have the respondent continue to represent him once the suspension was lifted.