### In the Matter of Dennis Dale COLE.

#### No. 98S00–0110–DI–483.

Supreme Court of Indiana.

Feb. 27, 2002.

### *ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on October 24, 2001, advising that the respondent, Dennis Dale Cole, was disciplined by the Supreme Court of Colorado and requesting, pursuant to Ind. Admission and Discipline Rule 23(28),[1] that identical reciprocal discipline be imposed in this state. On November 5, 2001, this Court issued an *Order to Show Cause Why Reciprocal Discipline Should not be Imposed.* On December 12, 2001, the respondent filed his response to that order, and on January 7, 2002, the Disciplinary Commission filed its reply. This case is now before us for final resolution.

We now find that the respondent was admitted to the bar of this state on October 13, 1976. He was admitted to the bar

1. Admission and Discipline Rule 23(28) provides:

(a) Within fifteen (15) days of the issuance of any final order in another jurisdiction imposing a public disciplinary sanction, a lawyer admitted to practice in this state shall notify the Executive Secretary in writing of the discipline. Upon notification from any source that a lawyer admitted to practice in Indiana has been publicly disciplined in another jurisdiction, the Executive Secretary shall obtain a certified copy of the order of discipline.

(b) Upon receipt of a certified copy of an order demonstrating that a lawyer admitted to practice in Indiana has been disciplined in another jurisdiction, resulting in suspension or revocation of the lawyer's license to practice law in that jurisdiction, disbarment or acceptance of resignation with an admission of misconduct, the Executive Secretary shall file a notice with the Court, attaching a certified copy of the order of discipline, and request the issuance of an order to the Executive Secretary and the lawyer directing them to show cause in writing within thirty (30) days from service of the order why the imposition of identical discipline in this state would be unwarranted.

(c) Upon the expiration of thirty (30) days from service of the order set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

of Colorado on May 15, 1987. On September 12, 1994, the Supreme Court of Colorado suspended the respondent from the practice of law in that state for a period of not fewer than three years for a pattern of client neglect, which in some instances resulted in dismissal of clients' cases. *People v. Dennis Dale Cole*, 880 P.2d 158 (Colo.1994).[2] The Supreme Court of Colorado noted as an aggravating factor the respondent's three prior Colorado disciplines for attorney misconduct.[3]

We find further that, on September 22, 1987, the respondent filed an affidavit with the office of the Clerk of the Indiana Supreme Court placing his Indiana law license on inactive status pursuant to Admis.Disc.R. 23(21)(b). On January 24, 1996, the respondent reactivated his license to practice law in Indiana.

Invoking Admis.Disc.R. 23(28)(c)(4), the respondent argues that his misconduct warrants substantially different discipline in this state. He states that he ceased practicing law altogether, including in Indiana, on September 12, 1994, the date of the Colorado order. He states that for a period of three years following the Colorado order, he worked in marketing and management for a medical systems supplier. Following expiration of the three-year period, the respondent began a "limited practice of law" serving "of counsel to other attorneys, primarily in the area of recovering money invested by individuals (clients) in fraudulent securities schemes."

The respondent also states that Indiana's reciprocal discipline provision did not become effective until February 1, 1996, well after imposition of his Colorado discipline. Accordingly, the respondent argues that he was not subject to the obligation contained in that provision which requires lawyers who are publicly disciplined in other jurisdictions to notify the executive director of Indiana's Disciplinary Commission of their discipline.

In its response, the Commission points out that, although the respondent claims he did not practice law for three years following his Colorado suspension, his reactivation of his Indiana law license in 1996 (immediately prior to the effective date of Indiana's reciprocal discipline rule) suggests otherwise, as does the fact that the respondent kept current with annual registration and continuing legal education requirements continuously thereafter. The Commission also points out that the respondent has not yet been readmitted to the practice of law in the state of Colorado, presumably because his present suspension there requires a petition for reinstatement prior to readmittance.

At issue is whether the respondent has shown cause why his Colorado misconduct warrants substantially different discipline in this state. Although he argues that he already has suffered a (self-imposed) three-year suspension from the practice of law in this state, we are troubled that he reactivated his Indiana law license a mere 15 months after the effective date of his three-year Colorado suspension, as that act suggests he practiced law prior to the expiration of three years. Further, there is no indication that the respondent has ever been reinstated in the state of Colorado. Beyond that, the respondent has not clearly shown in any way, nor do we find from the face of the record in this case,

---

**2.** Pursuant to C.R.C.P. 251.29(b), an attorney suspended from the practice of law in Colorado for a period of longer than one year must file a petition for reinstatement and prove fitness to be reinstated by clear and convincing evidence before his privilege to practice law in that state will be restored.

**3.** *People v. Cole*, 760 P.2d 1108 (Colo.1988) (nine month suspension for neglect and conflict of interest; letters of admonition in 1986 and 1990 for, *inter alia*, engaging in conduct involving misrepresentation).

why imposition of identical reciprocal discipline in this state should not be imposed for the respondent's misconduct.

IT IS, THEREFORE, ORDERED that the respondent, Dennis Dale Cole, is hereby suspended from the practice of law in this state for a period of not fewer than three years, effective September 14, 1994. In order to become reinstated, the respondent must demonstrate compliance with Admis.Disc.R. 23(4).

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Colorado, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.